Beade, J.
 

 The case was considered in this court on a motion by the plaintiffs to dismiss the appeal.
 

 The record shows nothing but the name of the case and the following entries: “Injunction executed; Answer filed; Continued; Defendant appeals to the Supreme Court.”
 

 An appeal from an interlocutory order is allowed by Bev. Code, c. 4, s. 23; but it must be an order affecting the merits of the cause. An order of continuance is not such an order; and yet that is the only order on the record. From that order the defendant appealed.
 

 In Graham v.
 
 Skinner,
 
 4 Jon. Eq. 94, it is said: “There may be indeed some orders of a discretionary kind, which do not affect the merits of the cause; as, for instance, an order for its continuance, from which no appeal would be entertained by the Supreme Court.
 

 Accompanying the record, however, is a statement of the case by the presiding Judge, in which he says that the defendant moved to dissolve the injunction, which motion was
 
 *282
 
 refused and His Honor continued the cause. If this statement could be considered by this court, it would still not appear whether the appeal was from the order refusing to dissolve the injunction, or from the order of continuance. But we cannot consider the Judge’s statement, because a bill of exceptions, or case stated by the presiding Judge in the nature of a bill of exceptions, as is usual in appeals at law, is unknown to and inadmissible in an appeal, or any proceeding in the nature of an appeal, in a Court of Chancery. The learning on this subject may be found in
 
 Graham
 
 v.
 
 Skinner, supra.
 

 The motion to dismiss the appeal is allowed with costs.
 

 Per Curiam.
 

 Appeal dismissed.