The International Furniture Company took out an employer's liability insurance policy in the defendant company to the amount of $10,000 against liability for damages on account of bodily injuries or death suffered by any of its employees while engaged in its employment, with stipulations that the insured should give immediate written notice of any accident sustained by an employee to the insurer or to its agent who had countersigned the policy, and of any *Page 428 
claim for damages on account thereof, with full particulars, and if any suit should be instituted against the assured on account of said accident it should immediately forward the summons served on it to the insurer. The policy was countersigned "J. R. Roller Sons Co., J. R. Hall, Manager."
Thereafter, on 11 August, 1914, during the life of the policy, an employee, R. L. Ingold, was injured. The insured, on 12 September, sent a written notice to J. R. Hall, manager of the J. R. Roller 
Sons Co., who had countersigned the policy. It did not, however, forward the summons to the defendant's home office, but there was evidence by the president and general manager of the assured that he did not know that Ingold was seriously injured or that he (398) contemplated bringing action against the assured for his injury, and that within a few hours, in less than a day's time, after learning this, he caused the bookkeeper of the furniture company to give notice in writing to John R. Hall, manager of the J. R. Roller Sons Co., agents of the defendant, and who had countersigned the policy of insurance, that Ingold had received an injury, and as soon as Ingold informed him that he expected to hold his company liable he caused the written notice to be given to the defendant's agents, and was advised by said Hall that he had received and forwarded said notice to defendant, and that on the same day he received a letter from said Hall, which had crossed his letter of the same date, giving him written notice, in which he said, "Please let us have report of injury sustained by Mr. R. L. Ingold on 12 or 15 August. We are enclosing report blank." Signed, "J. R. Roller Sons Co., J. R. Hall, Manager." The witness further testified that he did not remember whether he gave Hall the summons in the action, but that he told him about the suit, and kept him advised as to its progress, and that Hall was present at the trial at which judgment was taken by Ingold against the assured.
The parties agreed that the first two issues should be answered that the policy was issued as alleged, and that Ingold was injured while in the employment of the assured and had recovered judgment against it for $1,606.30. The court intimated that it would suggest that the plaintiff take a nonsuit, but instead instructed the jury to find as to the third and fourth issues "that the assured did not give notice of the injury and claim of said employee, as required by the terms of the policy, to the insurer or its agent, and forward the summons in the action against the assured to the insurer, and to find that the plaintiff was entitled to recover nothing," and rendered judgment accordingly. Plaintiff appealed. *Page 429 
It appears from the evidence that the injury to Ingold at first appeared slight, and the assured did not have reasonable ground to apprehend an action for damages; and that as soon as it received notice that Ingold intended to bring action, written notice of the injury and of the claim was at once furnished to the countersigning agents of the defendant within 24 hours, and that when the summons was served the said agents were at once notified thereof, were kept informed of the progress of the action at every step, and the manager of said agency was present at the trial. There was conflicting evidence, which raised a mixed question of law and fact, and the court should have submitted to the jury the question whether there had been compliance with the terms (399) of the contract, or a waiver thereof, under proper instructions.
It was error to instruct the jury to answer the issues in favor of the defendant.
Error.
Cited: Ball v. Assurance Corp., 206 N.C. 91; Henderson v. Ins. Co.,254 N.C. 332.