I. M. WELCH AND WIGGINS & AMMONS v. SUN UNDERWRITERS INSURANCE COMPANY.

(Filed 23 January, 1929.)

1. **Appeal and Error—Review—Harmless Error.**

Where the verdict of the jury is that one of the plaintiffs recover nothing in his action, the defendant's assignment of error in the refusal of the trial court to grant a nonsuit in respect to him need not be considered on appeal.

2. **Insurance—Forfeiture of Policy for Breach of Promissory Warranty, Covenant, or Condition Subsequent—Matters Relating to Property Insured.**

Where the insured violates certain material stipulations and covenants contained in the policy of insurance, and there is a provision in the policy that such violation shall render it null and void, the insured is not entitled to recover thereon.

**3. Insurance—Rights of Parties Under Loss Payable Clause.**

A person, firm, or corporation named in an ordinary loss payable clause in a policy of fire insurance is merely an appointee with only the right to receive the whole or part of the money to which the insured is entitled, and where the insured may not recover on the policy by reason of his having violated certain stipulations and covenants therein, the persons named in the ordinary loss payable clause are not entitled to recover, and when these facts are established the insurer's motion as of nonsuit should be allowed. The distinction between the ordinary loss payable clause and the New York or New Jersey standard mortgage clause pointed out by CONNOR, J.

**4. Reformation of Instruments—Grounds For Remedy—Contracts.**

Reformation of an executed contract may be had only for mutual mistake, or for mistake on one side and fraud on the other.

**5. Insurance—Contract—Reformation—Fraud—Duty to Read Policy.**

The rule of law governing reformation of executed contracts applies to insurance policies, and where the evidence shows that the plaintiff accepted the policy of insurance as issued and that he was able to read and had full opportunity to read the policy, and the language of the policy is clear and unambiguous, he is not entitled to reformation of the policy for mistake and fraud.

**6. Insurance—Actions on Policies—Election of Remedies.**

Where the plaintiff sues on a policy of fire insurance he has made his election, and he may not thereafter seek reformation of the policy on the ground of mistake and fraud.

APPEAL by defendant from *Harwood, Special Judge,* at June Term, 1928, of GRAHAM. Reversed.

Action on a policy of insurance issued by defendant, on 4 August, 1924, insuring plaintiff, I. M. Welch, against loss or damage by fire on certain property described therein. The policy as issued contains a clause in words as follows:

"It is agreed that any loss or damage that may be ascertained, and proven to be due the assured under this policy shall be held payable to Wiggins & Ammons, Robbinsville, N. C., as their interest may appear, subject, nevertheless to all conditions of the policy."

The property covered by said policy was destroyed by fire on 15 November, 1924—before the expiration of the policy, according to its terms. At the date of said fire Wiggins & Ammons were creditors of I. M. Welch, holding a mortgage on the property destroyed by the fire, by which a part of their debt was secured; the remainder of said debt was in the form of a book account for goods and merchandise sold and delivered, and was not secured by mortgage or otherwise.

This action to recover on the policy for the loss sustained by plaintiff, resulting from the said fire, was begun on 23 June, 1925. The cause of

action alleged in the original complaint, filed on 9 October, 1925, was founded on the policy as issued by defendant and accepted by plaintiffs. There was no allegation in said complaint that said policy was not in accordance with the application of plaintiffs for same.

Defendant denied liability on the policy, alleging that same had become null and void, according to its terms, by reason of the violation of certain stipulations and covenants contained therein. On 6 June, 1927, an amended complaint was filed by plaintiffs, with the leave of the court, containing allegations upon which plaintiffs prayed for a reformation of the policy, with respect to the clause contained therein, upon which plaintiffs, Wiggins & Ammons, rely for their right to maintain this action. In its answer to the amended complaint defendant denied the said allegations, and in addition to the defenses set up in its answer to the original complaint relied upon a provision in the policy in words as follows:

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity, unless the insured shall have complied with all the requirements of this policy, nor unless commenced within twelve months next after the fire."

From judgment on the verdict that plaintiff, I. M. Welch, recover nothing, and that plaintiffs, Wiggins & Ammons, recover the sum of $642 of the defendant in this action, defendant appealed to the Supreme Court.

*R. L. Phillips for plaintiffs.*
*R. R. Williams for defendant.*

CONNOR, J. The plaintiff, I. M. Welch, has not appealed from the judgment rendered on the verdict at the trial of this action in the Superior Court. The jury found, in accordance with all the evidence, and under the instructions to which there were no exceptions, that he is not entitled to recover upon the policy on which this action was brought. Judgment was rendered accordingly that he recover nothing of the defendant in this action. All the evidence tended to show that after the issuance of the policy and before the fire which destroyed the property insured thereby, the said plaintiff violated certain stipulations and covenants contained in the policy. It is expressly provided therein that in the event of such violations, the policy should become null and void, and that defendant should not be liable thereunder. In view of the verdict and judgment, defendant's exception to the refusal of the court to allow its motion for judgment as of nonsuit, at the close of the evidence, as to the plaintiff, I. M. Welch, need not be considered on this appeal. At the date of the fire, to wit, 15 November, 1924, the policy was null and

void as to the plaintiff, I. M. Welch, and defendant is not liable to him in any sum, by reason of the issuance of the policy. *Smith v. Insurance Co.,* 193 N. C., 446, 139 S. E., 310.

As defendant is not liable under the policy to plaintiff, I. M. Welch, the insured, it must follow that it is not liable to plaintiffs, Wiggins & Ammons, under the loss payable clause contained in the policy as issued by defendant and accepted by plaintiffs. This loss payable clause is not the New York or New Jersey standard mortgage clause, and defendant is not liable to plaintiffs, Wiggins & Ammons, under this clause, for the reason that they are simply appointees to whom any loss that may be due to the insured, is payable. As defendant is not liable to the insured under the policy, which has been rendered null and void as to him, it is not liable to Wiggins & Ammons. They cannot recover upon the policy as issued by defendant and accepted by the plaintiffs. *Roper v. Insurance Co.,* 161 N. C., 151, 76 S. E., 869. A person, firm or corporation named in an ordinary loss payable clause contained in a policy of fire insurance is merely an appointee, whose rights under the policy are not independent of the rights of the insured. Such appointee has merely the right to receive the whole or part of the money to which the insured is entitled. If for any reason the insured cannot recover on the policy, the appointee under the loss payable clause has no right of action against the insurer. *Everhart v. Ins. Co.,* 194 N. C., 494. The distinction between an ordinary loss payable clause, and the New York or New Jersey standard mortgage clause is well settled. *Bank v. Assurance Co.,* 188 N. C., 747, 125 S. E., 631; *Roper v. Insurance Co., supra.*

Plaintiffs, Wiggins & Ammons, evidently apprehending that the policy on which the action was brought, and as issued by defendant and accepted by them, would be declared null and void, as to the insured, and therefore as to them, because of the violation by the insured of its terms, on 6 June, 1927, by leave of court, filed an amended complaint, containing allegations upon which they prayed for a reformation of the policy, with respect to its provisions affecting their right to recover of defendant. Defendant's contention, that conceding that the allegations in the amended complaint were sufficient to support the prayer for the reformation of the policy, there was no evidence tending to show facts upon which the policy could be reformed by the court, in the exercise of its equitable jurisdiction, must be sustained. There was no evidence tending to show that the loss payable clause was attached to and made a part of the policy, instead of a New York or New Jersey standard mortgage clause, by reason of fraud on the part of the agent of defendant, or by reason of a mutual mistake of the parties. It is well settled that reformation of an executed contract may be had only for mutual mistake, or mistake on one side and fraud on the other. This principle is applicable

to policies of insurance. *Britton v. Insurance Co.*, 165 N. C., 149, 80 S. E., 1072. In the opinion in that case, *Brown, J.*, says:

"But the reformation is subject to the same rules of law as applied to all other instruments in writing. It must be alleged and proven that the instrument sought to be corrected failed to express the real agreement or transaction because of mistake common to both parties, or because of mistake of one party and fraud or inequitable conduct of the other."

All the evidence upon the trial of this action showed that plaintiffs accepted the policy as issued by defendant; that they were able to read, and had full opportunity to read the policy, which was in their possession from the date of its issuance to the date of the fire. The language of the loss payable clause, contained in the policy, is clear and unambiguous. Plaintiffs, in their original complaint, founded their cause of action upon the policy as issued by defendant. They thereby elected to rely upon said policy for their recovery in this action.

There was error in the refusal of defendant's motion for judgment as of nonsuit, as against all the plaintiffs. Whether a new cause of action was alleged in the amended complaint, which could not be maintained because more than twelve months had elapsed from the date of the fire to the filing of the amended complaint, need not be decided upon this record. Upon all the evidence, plaintiffs were not entitled to the equitable remedy of reformation of the policy. Without a reformation, we think it clear that they cannot recover on the policy.

For error in the refusal of the motion for judgment as of nonsuit, at the close of all the evidence, the judgment is

Reversed.