SHUFORD PEELER v. UNITED STATES CASUALTY COMPANY.

(Filed 29 May, 1929.)

1. **Insurance J d—Condition in accident policy requiring notice to company of accident and claim for damages is material.**

   Where a policy of automobile accident insurance contains the condition that the insured shall give immediate notice to the insurer of accidents and claims for damages, the condition is material, affording the insurer opportunity to gather the facts for its protection when fresh in the minds of witnesses, etc., and is a condition precedent to the right of recovery by the insured.

2. **Same—Breach of condition requiring notice forfeits policy.**

   The failure by the insured to give the insurer notice of an accident and claim for damages by the person injured required by a condition in the automobile accident policy will make the policy void without an express forfeiture clause in the policy to that effect.

**3. Insurance R b—Person injured by insured is in same position in regard to insurer's liability as insured.**

> One who is injured by the insured in an automobile accident covered by the policy of accident insurance, and sues the insurer under the provisions of the policy providing therefor upon return of execution against the insured unsatisfied, the injured person is in the same position with reference to the insurer's liability as the person insured, and is bound by a provision of the policy requiring the insured to give notice of accidents and claims for damages, and where the insured has forfeited the policy by a breach of this condition, the person injured may not recover thereon.

APPEAL by defendant from *Stack, J.,* at February Term, 1929, of MECKLENBURG. Reversed.

In 1926 a collision occurred between the plaintiff's car and one owned by F. K. Graham. Graham brought suit against the plaintiff and the plaintiff answered, denying liability and setting up a cross-action against Graham. At the December Term, 1927, of the Superior Court of Mecklenburg County the plaintiff recovered a judgment against F. K. Graham in the sum of $525 as damages to the plaintiff's automobile caused by the collision. An execution was issued on this judgment and was returned unsatisfied. At the time of the collision Graham had a policy or contract of insurance issued by the defendant, known as "The Automobile Public Liability and Property Damage Insurance Policy." The plaintiff was not a party to the contract. It is admitted that the defendant never had written notice of the collision and knew nothing about it until the trial between the plaintiff and Graham had begun, and then disclaimed liability for the reason that Graham had failed to give the notice required by the policy. The amount of the policy is in excess of the plaintiff's judgment against Graham. The collision of the plaintiff's car with Graham's occurred on 1 May, 1926. Graham brought suit against the plaintiff on 25 September, 1926, and the plaintiff set up a cross-action and recovered judgment against him at December Term, 1927, as above stated. The present action was brought 16 April, 1928.

The verdict was as follows:

What amount, if any, is the plaintiff entitled to recover against the defendant? Answer: $525, with interest thereon from 15 December, 1927, and the further sum of $57.25 costs in action of "Graham *v.* Peeler."

Judgment for plaintiff and appeal by the defendant upon error assigned.

*J. D. McCall for plaintiff.*
*J. Lawrence Jones for defendant.*

ADAMS, J. The defendant issued its policy insuring F. K. Graham as respects legal liability arising or resulting from any claim made upon him for damages in consequence of an accident occurring by reason of his ownership, maintenance, or use of an automobile. The policy contains the following provisions:

"Item 3. The company will defend, in the name and on behalf of the assured, all claims or suits for damages for which the assured is alleged to be legally liable and will pay within the limits covered by this policy, any final judgment rendered against said assured for damages, together with the taxed court costs and accrued interest and such other expenses as may have been incurred with the company's written consent.

"Condition C. Upon the occurrence of an accident for which insurance is provided herein written notice must be given to the company by the assured as soon as practicable with the fullest particulars available. If a claim is made on account of such accident or if a suit is brought thereon, all information and every summons, process or pleading must be immediately transmitted to the company. The assured shall not voluntarily assume any liability nor incur any expense other than for immediate surgical relief nor settle any claim except at the assured's own cost, nor interfere in any negotiation for settlement nor in any legal proceedings, but whenever requested by the company and at the company's expense the assured shall aid in information and evidence and the attendance of witnesses and shall coöperate with the company (excepting in a pecuniary way) in all matters which the company deems necessary in any investigation, defense or appeal under this policy.

"Condition D. In the event of the bankruptcy or insolvency of the assured, the company shall not be released from the payment of such indemnity hereunder as would have been payable but for such bankruptcy or insolvency. If, because of such bankruptcy or insolvency an execution against this assured is returned unsatisfied in an action brought by the injured, or by another person claiming by, through or under the injured, then an action may be maintained by the injured or by such other person against the company under the terms of this policy for the amount of the judgment in said action, not exceeding the amount of this policy."

The trial judge held as a matter of law that Graham's failure to give the defendant written notice of the accident could not affect the plaintiff's right of recovery, and instructed the jury if they believed the evidence to answer the issue for the plaintiff. To this instruction the defendant excepted.

The appeal presents two questions: (1) Under the terms of the policy could F. K. Graham, the assured, have maintained an action against the

defendant for damages caused by the collision without giving the written notice provided for in Condition C? (2) If not, can an action against the defendant be maintained by the plaintiff for damages to his car resulting from the collision?

These questions have been considered and answered in a number of authoritative decisions. A policy issued by the defendant containing the provision under consideration in the present case was construed by the Court of Appeals of Ohio in *U. S. Casualty Co. v. Breese,* 153 N. E. (Ohio), 206. The material facts in that case and in this are substantially the same: a motor bus came into collision with an automobile driven by Martha Breese resulting in damage to her person and to her car. She recovered judgment against the operator of the bus (Zurawski) and issued an execution which was returned unsatisfied. Zurawski had previously secured liability insurance of the United States Casualty Company, which was in force at the time of the alleged injury. Not having secured satisfaction of her judgment she brought suit against the Casualty Company, who pleaded as a defense the failure of the assured to give the written notice required in the contract of insurance. On appeal from the lower court the defense was sustained, the Court saying: "Condition B (Condition C, *supra)* becomes, then, an important part, and, indeed, the essence of the contract existing between the Casualty Company and Zurawski, and whatever rights the injured party, Martha Breese, may have, can only exist under and by virtue of the obligations cast upon the company by that policy, and can only be enforced in accordance with its limitations. In the absence of the policy she would have, of course, no right of recovery as against the company, and in view of the existence of the policy she has such right, and such right only, against the company, as is provided by the policy. The policy, in unequivocal terms, provides, as an essential condition of recovery, that the assured shall give immediate written notice to the company of an accident and shall forward to the company every process, pleading, and paper relating to the suit. These requirements are averred not to have been complied with by the assured. Similar language in liability insurance policies has been construed in decisions of various courts. Our Supreme Court had such a policy under consideration in *Traveler's Insurance Co. v. Myers & Co.,* 62 Ohio St., 529, 57 N. E., 458, 49 L. R. A., 760. In that case the corresponding stipulation of the policy read as follows: 'Immediate written notice shall be given this company of any accident and of all alleged injuries, together with copies of all statements made by employees, and all other information in possession or knowledge of the insured in any way relating to such accident or liability therefor.'

10—197

PEELER v. CASUALTY COMPANY.

"In construing that provision, the Supreme Court, speaking through *Davis, J.,* used the following language: 'It is obvious that this stipulation is of the essence of the contract in insurance of this kind. It is not merely a stipulation as to the form of bringing to the notice of the insurer the fact of a loss, as in policies of fire and life insurance.'

"The Court, in further consideration of the provision, gave the reasons for the necessity of such a requirement as follows: 'In insurance of this character it is a matter of the first importance to the insurer, who may be forced to become the real defendant in a lawsuit against the insured employer, to be speedily informed of all the facts and witnesses concerning a possible litigation. In a very little time the facts may in a great measure fade out of memory, or become distorted, witnesses may go beyond reach, physical conditions may change, and, more dangerous than all, fraud and cupidity may have had opportunity to perfect their work. Therefore this stipulation is vital to the contract.'

"This decision as to the construction of such a provision in a policy of liability insurance was followed in *Employers' Liability Assurance Corp. v. Roehm,* 99 Ohio St., 343, 124 N. E., 223, 7 A. L. R., 182, where the condition was pronounced to be of the essence of the contract. In the face of these direct holdings of the Supreme Court, we do not feel at liberty to give any other construction to the terms of Condition B in the policy in the case at bar. A similar decision was rendered in the case of *Jefferson Realty Co. v. Employers' Liability Assurance Corp.,* 149 Ky., 741, the Court saying: "In the course of the opinion, on pages 747 and 748 (149 S. W., 1011), that it was wholly immaterial whether or not the company was prejudiced by the delay, and that a reasonable compliance with the conditions of the contract relating to notice was indispensable to fix liability. To the same effect is *Phœnix Cotton Oil Co. v. Royal Indemnity Co.,* 140 Tenn., 438, 205 S. W., 128. The Supreme Judicial Court of Massachusetts, in *Lorando v. Gethro,* 228 Mass., 181, 117 N. E., 185, 1 A. L. R., 1374, reached a similar conclusion."

In a case subsequently considered the Court of Appeals of Ohio adhered to the principle stated in *Breese's case (Stacey v. Fidelity and Casualty Co.,* 152 N. E., 794), and the decision was affirmed on appeal to the Supreme Court. *S. c.,* 151 N. E., 718.

The same conclusion was announced in *London, etc., Accident Co. v. Siwy,* 35 Ind. Appellate Court, 340; *Travelers' Ins. Co. v. Scott,* 218 S. W. (Tex.), 53; *McCarthy v. Rendle,* 230 Mass., 35; *Dennis Sheen Transfer v. Ga. Cas. Co.,* 113 So., 165.

In *Weatherwax v. Royal Indemnity Co.,* 165 N. E., 293, the Court of Appeals of New York said that the rule is settled that a judgment creditor enforcing the policy of a right to recover damages against an

insurance company after the return of an unsatisfied execution against the insured debtor, stands in the shoes of the insured, and forfeits the insurance if there has been a breach of its conditions, citing *Coleman v. New Amsterdam Casualty Co.,* 247 N. Y., 271, 160 N. E., 367.

The provision requiring written notice is a condition precedent to the assured's right to recover damages, although it contains no express forfeiture clause. *London, etc., Accident Co. v. Siwy, supra.* So in *Foster v. The Fidelity & Cas. Co. of New York,* 99 Wis., 447, it is said: "The policy provides that immediate written notice must be given to the company of any accident and injury for which a claim is to be made, with full particulars thereof. This was a condition precedent to a recovery." And in *Underwood Veneer Co. v. London Guaranty & Accident Co.,* 100 Wis., 378, the reason is given as follows: "The reason for requiring such notice is obvious. It was to enable the defendant to investigate the facts and circumstances of the accident while they were fresh in mind, with the view of settling the loss in case it should be so advised, and, in case of a contest, to be prepared to defend the same as stipulated in the policy. Accordingly the plaintiff was thereby expressly precluded from settling any claim or incurring any expense, without the consent of the defendant, except in case of absolute necessity. These things made it important for the defendant to be notified immediately, not only of the occurrence of the accident, but also that a claim for damages had been made by the injured person on account of the accident. The words "and also," in the conditions quoted, pretty clearly indicate that such notice of the occurrence of the accident was to be followed by a further or additional notice of any claim made for damages, and each such notice was to be given immediately as therein required." See, also, *McCarthy v. Rendle, supra,* 38.

These decisions preclude the notion that the policy constitutes an independent contract between the plaintiff and the defendant, similar to contracts for fire insurance having the standard mortgage clause expressly authorized by statute for the protection of mortgagees. C. S., 6420; *Bank v. Ins. Co.,* 187 N. C., 97; *Everhart v. Ins. Co.,* 194 N. C., 494. The principle applicable in the case before us is more nearly assimilated to the principle stated in *Welch v. Wiggins,* 196 N. C., 546, in which it was held that under the clause there construed the mortgagees could not recover because the mortgagor was barred. It would be extravagant to hold that the plaintiff in this action, who is not a party to the contract between the defendant and Graham, acquired rights under the policy which are superior to Graham's and that the defendant is liable to him although it is not liable to the party with whom the contract was made. One who seeks to take advantage of a contract made for his benefit—if in any view the contract of insurance can be construed

as made for the plaintiff's benefit—must take it subject to all legal defenses, such as the nonperformance of conditions. 13 C. J., 699, sec. 799. As the assured failed to comply with the contract, and as the plaintiff has no rights superior to those of the assured, the plaintiff cannot maintain his action. The motion for nonsuit should have been allowed. The judgment must, therefore, be

Reversed.