JAMES L. BALL v. THE EMPLOYERS' LIABILITY ASSURANCE
CORPORATION, Ltd.

(Filed 28 February, 1934.)

**Insurance J d: S c—Whether notice of accident covered by liability insurance was given insured within reasonable time held for jury.**

Plaintiff brought action on a policy of automobile liability insurance which provided that insured should give immediate written notice of the occurrence of an accident covered by the policy. A guest riding in insured's car was injured in an accident but the injuries seemed slight and insured had no reasonable apprehension of a claim for damages therefor until approximately four months thereafter when it was discovered that the injuries were more serious than at first thought and the guest claimed damages of insured. Insured then immediately gave written notice of the accident to insurer. *Held*, whether the notice was given insured within a reasonable time under the facts and circumstances was properly submitted to the jury.

APPEAL by defendant from *Small, J.,* at November Term, 1933, of PASQUOTANK.

Civil action to recover on policy of automobile liability insurance.

On 8 March, 1931, the defendant issued to plaintiff a policy of insurance protecting him against claims for damages arising from operation of Dodge sedan automobile.

On 12 June, 1931, plaintiff's son, Luther Ball, was driving the sedan in question, with his father's permission, and had as his guest Miss Margaret Adelaide Hobbs. An accident occurred in which Miss Hobbs

received a cut on her left arm, not regarded at the time as serious, and, several months thereafter, it developed that her shoulder had been dislocated.

No report was made to the Assurance Corporation until sometime in October, 1931, immediately after Miss Hobbs notified plaintiff of a claim for damages.

The defendant denies liability solely upon the ground that "immediate written notice" of the accident was not furnished the defendant, or its duly authorized agent, in accordance with the terms of the policy.

On the night of the accident and for sometime thereafter Miss Hobbs told Luther Ball that "she was getting along all right and didn't think it amounted to anything." She frequently visited in plaintiff's home, following the accident, and assured plaintiff that "she was getting along fine, and that her arm was giving her no trouble at all."

Miss Hobbs went to Norfolk in the fall to attend a business college, and discovered for the first time, in her effort to use a typewriter, that her shoulder pained her. An examination by defendant's physician disclosed that it had been dislocated in the accident of 12 June.

Miss Hobbs, through her next friend, brought suit against plaintiff and recovered judgment in the sum of $2,500. The Assurance Corporation declined to defend in said suit.

The present action is for indemnification against said judgment and costs, according to the provisions of the policy in suit.

Whether the notice given by plaintiff was sufficient to meet the terms of the policy was submitted to the jury and answered in the affirmative.

Judgment on the verdict, from which the defendant appeals, assigning errors.

*M. B. Simpson and John H. Hall for plaintiff.*
*L. T. Seawell and Worth & Horner for defendant.*

STACY, C. J. The accident occurred 12 June, 1931; the injuries appeared slight, and plaintiff had no reasonable ground to apprehend any claim for damages until approximately four months thereafter, when it was discovered, for the first time, that the injuries were more serious than originally thought; immediately thereafter notice was given to defendant's agent. Was this sufficient under the terms of the policy which provides: "Upon the occurrence of an accident covered by this policy, the assured shall give immediate written notice thereof to the corporation, or its duly authorized agent?"

The action of the trial court in submitting the question to the jury finds support in the following cases: *Hunt v. Fidelity Co.,* 174 N. C., 397, 93 S. E., 900, *Mewborn v. Assurance Corp.,* 198 N. C., 156, 150

S. E., 887, *McKenna v. Indemnity Co.,* 125 Wash., 28, 215 Pac., 66, *Southern Surety Co. v. Heyburn,* 234 Ky., 739, 29 S. W. (2d), 6.

The defendant relies upon the decision in *Peeler v. Casualty Co.,* 197 N. C., 286, 148 S. E., 261.

The *Peeler* case was distinguished in *Mewborn v. Assurance Corp.,* and we think the court properly submitted the question to the jury under the *Hunt* and *Mewborn* cases. The matter is fully discussed in these cases, and it would serve no useful purpose to "thrash over old straw."

In the note to *Hatch v. Casualty Co.,* 197 Mass., 101, as reported in 14 Ann. Cas., 290, the annotator makes the following pertinent observations:

"In many accident insurance policies it is provided that immediate notice of the accident shall be given to the company. And it has been generally held that the word 'immediate' means that notice must be given within a reasonable time according to the circumstances of the particular case. (Citing authorities.) The words 'immediate notice' must have a common-sense interpretation and cannot be held to require of the insured anything that is impossible or unreasonable. Whether the stipulation has been complied with must depend upon the facts and circumstances of the particular case. (Citing authorities.) Where there is any doubt as to whether the notice required by the accident insurance policy was given within a reasonable time, the question should be submitted to the jury." (Citing authorities.)

There was nothing said in *Ins. Co. v. Bonding Co.,* 162 N. C., 384, 78 S. E., 430, cited and relied upon by appellant, which militates against our present position.

A careful perusal of the record leaves us with the impression that the result of the trial is accordant with our previous decisions on the subject. Hence, the verdict and judgment will be upheld.

No error.