H. F. WALLS ET AL. v. MERCHANTS FIRE ASSURANCE CORPORATION
OF NEW YORK AND ROYAL INSURANCE COMPANY OF LIVERPOOL.

(Filed 28 February, 1934.)

**Reformation of Instruments A d: Insurance E c—Policy may not be reformed solely for mistake of draughtsman in omitting mortgagee clause.**

A mortgagee is not entitled to a reformation of a policy of fire insurance after the happening of a fire covered thereby, merely upon the finding of the jury that the standard mortgagee clause was omitted therefrom by mistake of the draughtsman, where there is no allegation that the clause was fraudulently omitted from the policy, nor evidence of mutual mistake, or mistake on one side and fraud on the other.

APPEAL by Royal Insurance Company of Liverpool from *Barnhill, J.,* at October Term, 1933, of WILSON.

Civil actions to recover on two fire insurance policies, consolidated by consent and heard together as both policies cover the same property.

On 14 November, 1929, the Royal Insurance Company of Liverpool issued to the plaintiff, H. F. Walls, a fire insurance policy in the sum of $5,000 on a one-story frame building or dwelling in the town of Wilson, with the usual provisions of avoidance in case of ownership other than sole and unconditional, or commencement of foreclosure proceedings under any mortgage or deed of trust, or the existence of other insurance, etc. Said policy contains no New York Standard Mortgagee Clause, though W. A. Finch, trustee, held a deed of trust on the property at the time of the issuance of this policy. The life of the policy was three years.

On 15 April, 1932, the Merchants Fire Assurance Corporation of New York issued to the plaintiff, H. F. Walls, a fire insurance policy in the sum of $4,000 on the same dwelling, with the usual provisions of avoidance in case of ownership other than sole and unconditional, or commencement of foreclosure proceedings under any mortgage or deed of trust, or the existence of other insurance, etc. To this policy was attached as a rider the New York Standard Mortgagee Clause in favor of W. A. Finch, trustee, as his interest might appear.

The property was destroyed by fire 13 June, 1932.

On the hearing, it appearing that the owner, H. F. Walls, was not entitled to recover under either policy by reason of the avoidance clause contained therein, the cases were nonsuited as to him; liability under the New York Standard Mortgagee Clause to W. A. Finch, trustee, was not contested by the Merchants Fire Assurance Corporation, leaving the following as the only issue for the jury to determine:

"Was the New York Standard Mortgagee Clause omitted from policy Number 3171, issued by Royal Insurance Company of Liverpool, by mistake of the draftsman, as alleged?"

The jury answered the issue in the affirmative, and from the judgment rendered thereon, the Royal Insurance Company of Liverpool, appeals, assigning errors.

*Finch, Rand & Finch for plaintiff W. A. Finch, trustee.*

*Manning & Manning for defendant Royal Insurance Company of Liverpool.*

PER CURIAM. The case is controlled by the decision in *Welch v. Ins. Co.*, 196 N. C., 546, 146 S. E., 216. There is no allegation that the New York Standard Mortgagee Clause was fraudulently omitted from the policy issued by the Royal Insurance Company of Liverpool, nor is there any evidence of a mutual mistake, or mistake on one side and fraud on the other. The appellant's motion to nonsuit should have been allowed.

Reversed.