Civil actions to recover on two fire insurance policies, consolidated by consent and heard together as both policies cover the same property.
On 14 November, 1929, the Royal Insurance Company of Liverpool issued to the plaintiff, H. F. Walls, a fire insurance policy in the sum of $5,000 on a one-story frame building or dwelling in the town of Wilson, with the usual provisions of avoidance in case of ownership other than sole and unconditional, or commencement of foreclosure proceedings under any mortgage or deed of trust, or the existence of other insurance, etc. Said policy contains no New York Standard Mortgagee Clause, though W. A. Finch, trustee, held a deed of trust on the property at the time of the issuance of this policy. The life of the policy was three years.
On 15 April, 1932, the Merchants Fire Assurance Corporation of New York issued to the plaintiff, H. F. Walls, a fire insurance policy in the sum of $4,000 on the same dwelling, with the usual provisions of avoidance in case of ownership other than sole and unconditional, or commencement of foreclosure proceedings under any mortgage or deed of trust, or the existence of other insurance, etc. To this policy was attached as a rider the New York Standard Mortgagee Clause in favor of W. A. Finch, trustee, as his interest might appear.
The property was destroyed by fire 13 June, 1932.
On the hearing, it appearing that the owner, H. F. Walls, was not entitled to recover under either policy by reason of the avoidance clause contained therein, the cases were nonsuited as to him; liability under the New York Standard Mortgagee Clause to W. A. Finch, trustee, was not contested by the Merchants Fire Assurance Corporation, leaving the following as the only issue for the jury to determine: *Page 904 
"Was the New York Standard Mortgagee Clause omitted from policy Number 3171, issued by Royal Insurance Company of Liverpool, by mistake of the draftsman, as alleged?"
The jury answered the issue in the affirmative, and from the judgment rendered thereon, the Royal Insurance Company of Liverpool, appeals, assigning errors.
The case is controlled by the decision in Welch v. Ins. Co.,196 N.C. 546, 146 S.E. 216. There is no allegation that the New York Standard Mortgagee Clause was fraudulently omitted from the policy issued by the Royal Insurance Company of Liverpool, nor is there any evidence of a mutual mistake, or mistake on one side and fraud on the other. The appellant's motion to nonsuit should have been allowed.
Reversed.