ELTHA KESLER CAMPBELL v. JOSEPH W. CAMPBELL.

(Filed 30 October, 1946.)

**Appeal and Error §§ 19, 31g—**

> The pleadings upon which the judgment was entered are a necessary part of the record upon the wife's appeal from the dismissal of her motion to have the husband attached for contempt for failure to pay the amounts alleged to be due under the judgment, and when they are not incorporated in the record, motion to dismiss the appeal will be allowed.

APPEAL by petitioner from *Sink, J.,* at February Term, 1946, of ROWAN.

*C. P. Barringer for petitioner.*
*Walter H. Woodson, Jr., for respondent.*

SEAWELL, J. The respondent and petitioner are husband and wife, and have for some years lived separate and apart. The petitioner, in a motion purporting to be made in a pending action, sought to have the

respondent subjected to a contempt order for refusing to pay amounts alleged to be due under a prior judgment, inferentially appearing to have been entered in a pending action.    Upon the hearing Judge Sink dismissed the motion, assigning as his reason that the judgment exhibited (rendered by Rousseau, J., in .1943) was a consent judgment, with no provision for extending its terms or otherwise continuing the jurisdiction of the court; is a contract between the parties not enforceable by a contempt proceeding.

On this appeal the petitioner did not cause the pleadings in the action in which the consent judgment was entered to be brought up as a part of the record.    They are a necessary part of the record, both as determining the character of the action and the jurisdiction and power of the court.    G. S., 1-284.    For this reason the appellee has moved to dismiss the appeal.    The motion is allowed.    *Allen v. Hammond,* 122 N. C., 754, 30 S. E., 16; *Mitchell v. Moore,* 62 N. C., 281; *Ericson v. Ericson; ante,* 474, 475-6.

Appeal dismissed.