Russell Firebaugh, Plaintiff, v. Nicholas P. Jumes, Defendant.

Nicholas P. Jumes for use of Russell Firebaugh, Appellee, v. Employees Mutual Liability Insurance Company of Wisconsin, Appellant.

Gen. No. 44,982.

Heard in the second division of

this court for the first district at the December term, 1949. 
 Opinion filed May 11, 1950.
Released for publication May 29, 1950.

ROSEN, FRANCIS & CLEVELAND, of Chicago, for appellant; SIDNEY A. WILSON and JOHN F. ROSEN, both of Chicago, of counsel.

KROHN & MACDONALD, of Chicago, for appellee; STUART B. KROHN and IAN P. MACDONALD, both of Chicago, of counsel.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Employers Mutual Liability Insurance Company of Wisconsin appeals from an order entered by the motion judge of the circuit court striking its additional answer as garnishee and entering an adverse judgment in the sum of $3,000.

Russell Firebaugh, plaintiff in the primary suit, filed his complaint March 22, 1947, alleging in substance that on January 9, 1947, the original defendant, Nicholas P. Jumes, while operating his automobile, negligently backed into and struck and injured the plaintiff, Firebaugh. Trial by jury in that proceeding resulted in a verdict and judgment against Jumes for $3,000 and costs. Thereafter Firebaugh filed a garnishment suit against the insurance company, the insurer. The garnishee filed a jury demand and answer, which it supplemented with an additional answer, and also answers to the written interrogatories propounded by plaintiff. The additional answer averred that the garnishee had an automobile liability insurance policy in force on the date of the accident covering Jumes, but denied that it had any property, rights or credits belonging to Jumes, and averred that the assured breached a condition of the policy because of his failure to notify the insurance company of the occurrence of the accident until 61 days thereafter, namely, on March

2

11, 1947. Plaintiff thereupon filed his motion to strike the additional answer on the ground that its allegations were not sufficient in law to discharge the garnishee. That motion was sustained by the motion judge, and judgment was entered against the garnishee, from which it appeals.

It appears from the additional answer of the garnishee that on January 9, 1947, Jumes had parked his automobile on the east side of Dearborn street, between Monroe and Adams streets, in Chicago; that he backed his car against Firebaugh, inflicting the injuries complained of in the original suit; that Firebaugh demanded and received from Jumes the name of the insurance company carrying liability insurance on his car; that they exchanged business cards containing the identifications and addresses of the respective parties; that Jumes retained possession of Firebaugh's card continuously from the date of the accident until March 11, 1947, on which date he first gave notice of the accident to the garnishee, which had no knowledge of the accident until then. It further appears that on March 14, 1947, the garnishee served notice of the usual reservation of rights upon the assured, and subsequently, under the provisions of such reservation of rights, its attorneys appeared and defended Jumes in the original suit; that after the entry of judgment the garnishee notified the assured that it elected not to make payment of the judgment because of the failure of Jumes to comply with the condition of the policy with respect to giving notice of the accident.

The duty of the assured with respect to notice is defined under "Conditions" which appear in the policy, as follows: "When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and

3

circumstances of the accident, the names and addresses of the injured and of available witnesses.'' A further condition of the policy reads as follows: ''No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company.''

The garnishee takes the position that Jumes, as a matter of law, breached the condition of the policy requiring notice of the accident to be given ''as soon as practicable''; that the judgment creditor, Firebaugh, had no greater rights against the insurance company than the named assured, Jumes; and that since Jumes could not recover against the garnishee, plaintiff could not do so. The motion judge held with the contention of plaintiff that once an accident occurs, the injured party acquires the right to recover under the policy, irrespective of any violation of a condition thereof by the named assured.

The following language, taken from *Scott v. Freeport Motor Casualty Co.*, 392 Ill. 332, is urged as the basis for that contention: ''It would be an injustice to such injured party if the law would permit the acts of the insured occurring after the accident to defeat the policy. The statute is a declaration of public policy and its purpose is to benefit the public who are injured by the negligent operation of an automobile which is described in the policy. Any other application of the law would permit an insured, acting alone . . . or in conjunction with the insurer, to defeat the purposes for which the statute was enacted.'' The statute of which the court speaks is par. 466 (1) of ch. 73 of the Illinois Revised Statutes 1935, which reads as follows: ''466 (1). Liability to third persons.] Section 1. All policies hereinafter issued by any insurance carrier

organized or doing business under the laws of this State insuring or indemnifying any person against loss or liability for the death or for any injury to the person or to the property of another shall be deemed and construed to contain a provision that the carrier shall be liable to the person entitled to recover for such death or for any such injury to the person or property when caused by the insured in the same manner and to the same extent that such carrier is liable to the insured. Such liability may be enforced by the person entitled to recover by an action against the carrier which may be commenced at any time after the rendition of final judgment in favor of such person against the insured.''

In a later decision, *Zitnik v. Burik,* 395 Ill. 182, the court in the following language qualified what it had said in the *Scott* decision: ''Counsel for plaintiff also call attention to *Scott v. Freeport Motor Casualty Co.,* 392 Ill. 332, and particularly as to what was said on page 346 of the report [referring to the quotation hereinbefore set forth]. Emphasis is placed upon the statement that it would be an injustice to the injured party if the law permitted the acts of the insured occurring after the accident to defeat recovery on the policy. It should be noted that this statement was made in considering the defense pleaded by the insurer, which was that the insured's acceptance of compensation benefits from the Morris Cattle Co. had the effect of an admission on his part that he had changed his occupation and was an employee of the cattle company and that, consequently, there was no liability on the policy. The part relied on was taken from the context, but when considered in the light of the subject under discussion, it is clear that it has no application to the facts in this case.'' From this part of the opinion it would appear that the Supreme Court had no intention of enunciating the broad principle of law that once an accident occurs, the injured party acquires the right to recover under

5

a policy, irrespective of any violation thereof by the named assured. Obviously the law would not permit an insured, acting alone or in conjunction with the insurer, to defeat the purposes for which the statute was enacted so as to commit an injustice to an injured party. However, in the instant case there is nothing in the record to indicate that the insured, acting alone or in conjunction with the insurance company, attempted to defeat the declared public policy expressed in the statute.

So far as we have been able to ascertain, the general rule, for which there is considerable authority, is that the injured person's rights are no better than those of the insured's, and the insurer may assert any defense against the injured party which it could assert in a suit by the insured. Accordingly, if the insured breaches material terms of the policy by means of which the insurer would be released of liability to the insured, the injured person cannot recover against the insurer. 46 C. J. S. Insurance § 1191 (3); *Fireman's Fund Indemnity Co. v. Kennedy* (Mont.), 97 F. 2d 882; *Peeler v. United States Casualty Co.*, 197 N. C. 286, 148 S. E. 261; *Sun Indemnity Co. v. Dulaney*, 264 Ky. 112, 89 S. W. 2d 307; *Rushing v. Commercial Casualty Ins. Co.*, 251 N. Y. 302. In the last of these citations, defendant issued to a householder its policy indemnifying against claims for damages. A condition of the policy was that upon the occurrence of an accident covered thereby, "the assured shall give immediate notice, with the fullest information obtainable at the time, to the company or its duly authorized agent." The assured waited 22 days following the accident before giving notice to the insurer in compliance with the policy, and there was a prompt disclaimer of liability. MR. JUSTICE CARDOZO, speaking for the court, held that in the absence of explanation or excuse, a notice of an accident withheld for 22 days was not the immediate notice called for by the policy, and while

6

conceding that there may indeed be circumstances which would explain or excuse the delay and show it to be reasonable, said that "the delay in respect of notice is thus a bar to a recovery unless and until there shall be explanation and excuse," and under the practice in New York the judgment was reversed and "the submission dismissed without prejudice to a new submission or a new action," analogous, in effect, to our practice of reversing the judgment and remanding the cause. It should be noted, however, that on the principal question under consideration it was held that "the plaintiff, the judgment creditor, stands in the shoes of the assured, and must abide by his case when suing on the policy," citing *Coleman v. New Amsterdam Casualty Co.*, 247 N. Y. 271.

Without stating the principle too broadly, we think that under the circumstances of this case some trial or adjudication should be had, either by court or jury, as to whether the delay of 61 days violated the provisions of the policy with respect to notice. In the light of this conclusion we think that the motion judge erred in sustaining plaintiff's motion to strike the additional answer. The order of the circuit court is therefore reversed and the cause remanded with directions to vacate the judgment against the garnishee, to overrule plaintiff's motion to strike the additional answer, and for further proceedings not inconsistent with the views herein expressed.

*Judgment reversed and cause remanded with directions.*

SCANLAN and SCHWARTZ, JJ., concur.