CATHERINE H. DAVENPORT v. THE TRAVELERS INDEMNITY COMPANY, (A FOREIGN INSURANCE CORPORATION)

No. 29

(Filed 11 April 1973)

1. Appeal and Error § 28— broadside exception to findings and judgment — review of record proper

Broadside exception to the findings of fact, conclusions of law and judgment does not bring up for review the findings of fact or the evidence on which they are based but presents only the record proper for review upon the question of whether error of law appears on the face of the record.

2. Appeal and Error § 40— parts of record proper

The pleadings, issues and judgment are necessary parts of the record proper.

3. Insurance § 103— garage liability policy —forwarding suit papers to insurer — validity of policy requirement

Provision of a garage policy requiring the insured to forward immediately to the insurer any demand, notice, summons or other process received by him or his representative is a valid stipulation, and unless the insured or his judgment creditor can show compliance with the requirement, the insurer is relieved of liability.

4. **Insurance § 103— garage liability policy — failure to forward suit papers to insurer — waiver**

Failure to give notice or immediately forward summons or other process received by the insured may be waived by the insured's denial of liability on other grounds, but the insurer must have notice that a claim of loss is being asserted against it in order to waive such requirement by denial of liability.

5. **Insurance § 103— garage liability policy — denial of coverage to uninsured defendant — amendment of complaint — no waiver of failure to notify insurer of suit**

Where insurer issued a garage liability policy to Thomas Mills and Ralph Mills, d/b/a Mills Motor Company, plaintiff instituted an action against Thomas Mills, t/a Mills Grocery, the suit papers were turned over to the insurer, the insurer employed counsel to defend the suit but such counsel was allowed to withdraw because the insurer had issued no policy to the named defendant, and plaintiff subsequently amended the caption of her complaint to name "Thomas Mills and Ralph Mills, t/a Mills Motor Company" as additional defendants but the insurer received no notice that the complaint had been amended to include the named insureds as defendants, it was *held* that the insurer did not waive the condition of the policy that all summonses and other suit papers be forwarded to it when it denied coverage of the defendant Thomas Mill, t/a Mills Grocery, and that the insurer was not liable under the policy for a judgment by default and inquiry obtained against Thomas Mills, d/b/a Mills Motor Company, since it received no notice of a suit against such insured.

ON *certiorari* to review decision of the Court of Appeals reported in 16 N.C. App. 572, affirming judgment of *Winner, District Judge,* at 29 May 1972 Session of District Court in MECKLENBURG County.

Plaintiff instituted this action in the District Court Division of the General Court of Justice of Mecklenburg County for recovery from defendant of a certain monetary award which had been allowed plaintiff by two judgments of default and inquiry. The case was heard by Judge Winner without a jury. At the conclusion of all of the evidence, Judge Winner found facts, reached conclusions of law and entered judgment for the plaintiff in the sum of $5,000 with interest from 11 September 1967.

The trial judge's findings of fact accurately reflect the pertinent facts. We quote from his judgment:

"1. That the plaintiff was bodily injured at the place of business of Thomas Mills and Ralph Mills, d/b/a Mills Motor Company; that prior thereto the said Thomas Mills

Davenport v. Indemnity Co.

and Ralph Mills had contracted with the Travelers Indemnity Company to provide a policy of insurance and insurance coverage enumerated and included in their Garage Policy No. QGG-796134; that the Court by reference includes all of the terms and provisions of the said policy in these findings of fact, a copy of the said policy being attached to the stipulations of facts presented by the parties.

2. That the policy was in full force and effect on the date of the injury to the plaintiff.

3. That the plaintiff brought suit against Thomas Mills, t/a Mills Grocery; that said Thomas Mills turned over all of the suit papers to his attorney who then transmitted them to the defendant insurance company; that the defendant insurance company employed counsel; that the counsel filed certain motions; that thereafter the defendant insurance company determined that it had not issued a policy of insurance providing coverage for Thomas Mills, t/a Mills Grocery; that their counsel moved to withdraw as counsel for Thomas Mills, t/a Mills Grocery and that the said motion was allowed; that subsequent to that time the plaintiff amended her Complaint by amending the caption to read 'Catherine H. Davenport v. Thomas Mills, t/a Mills Grocery and Thomas Mills and Ralph Mills, t/a Mills Motor Company, a partnership.'

4. That the defendant insurance company never received any notice of the Amendment to the Complaint; that no Answer was ever filed and that there was a Judgment entered by Default and Inquiry; that Inquiry was made as to Judgment against each defendant separately and that on May 3rd, 1966 a Judgment was entered against Ralph Mills and Mills Motor Company for four thousand dollars ($4,000.00) and on September 11, 1967, a Judgment was entered against the defendant Thomas Mills, t/a Mills Motor Company for the sum of five thousand dollars ($5,000.00) and the costs.

5. That subsequent thereto the plaintiff filed this lawsuit seeking recovery against the defendant insurance company under the insurance policy.

6. That among the provisions and conditions of the policy there is a condition that provided, 'If Claim is made

Davenport v. Indemnity Co.

or suit is brought against the insured he shall immediately forward to the company every demand, notice, summons, or other process received by him or his representative.'

7. That when the Complaint in the first lawsuit was amended a new summons was issued as to Ralph Mills and served on him but that that summons and Amended Complaint nor any other notice was ever sent to the defendant insurance company.

From the foregoing findings of fact the Court concludes as a matter of law:

1. That when the insurance company denied coverage of the defendant Thomas Mills they waived the condition of the policy that all summonses and other papers be forwarded to them.

2. That at no time did the defendant insurance company waive any provision as to the defendant in the prior lawsuit, Ralph Mills, and that the defendant insurance company is not liable for the Judgment against him.

3. That since the defendant insurance company waived the sending of further papers by Thomas Mills, the Judgment against him is covered by the policy and the defendant insurance company is liable therefor."

Defendant appealed.

We granted defendant's petition for certiorari on 18 January 1973.

*Don Davis for plaintiff appellee.*

*Boyle, Alexander and Hord by Robert C. Hord, Jr. for defendant appellant.*

BRANCH, Justice.

[1] The Court of Appeals held that defendant's "broadside exceptions to the findings of fact, conclusions of law and judgment entered thereon" would not bring up for review the findings of fact or the evidence on which they were based, but presented the record proper for review upon the question of whether error of law appears on the face of the record. We agree. Such a review presents the question of whether the facts found support the judgment and whether the judgment is reg-

ular in form. *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363; *In re Appeal of Broadcasting Corp.,* 273 N.C. 571, 160 S.E. 2d 728.

[2] The pleadings, issues and judgment are necessary parts of the record proper. *Williams v. Contracting Company,* 259 N.C. 232, 130 S.E. 2d 340; *Campbell v. Campbell,* 226 N.C. 653, 39 S.E. 2d 812; 1 Strong's N. C. Index 2d, Appeal and Error § 40.

The judgment here is regular in form; we must, therefore, consider whether the Court of Appeals erred in holding that the "facts found by the court support the conclusions of law in the judgment." The crucial question is whether the facts found support the conclusion that defendant waived the contract provision pleaded by defendant.

[3] The policy provision that "If claim is made or suit is brought against the insured he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative" is a valid stipulation, and unless the insured or his judgment creditor can show compliance with the requirement, the insurer is relieved of liability. Moreover, an injured party who obtains judgment against the insured has no greater rights against the insurer than the insured. *Clemmons v. Insurance Co.,* 267 N.C. 495, 148 S.E. 2d 640; *Woodruff v. Insurance Co.,* 260 N.C. 723, 133 S.E. 2d 704; *Henderson v. Insurance Co.,* 254 N.C. 329, 118 S.E. 2d 885; *Muncie v. Insurance Co.,* 253 N.C. 74, 116 S.E. 2d 474.

[4] However, failure to give notice or immediately forward summons or other process received by the insured may be waived by denial of liability on other grounds. The rationale of this rule is that denial of liability on other grounds is generally regarded as saying that payment would not have been made had the policy provisions been complied with, and that the law will not require a vain thing. *Gardner v. Insurance Co.,* 230 N.C. 750, 55 S.E. 2d 694; *Felts v. Insurance Co.,* 221 N.C. 148, 19 S.E. 2d 259; *Gorham v. Insurance Co.,* 214 N.C. 526, 200 S.E. 5; *Gerringer v. Insurance Co.,* 133 N.C. 407, 45 S.E. 773.

Consistent with this rule is the rule recognized in most jurisdictions that the unjustified refusal of the insurer to defend an action against the insured on the ground that the claim on which the action is based is outside the policy coverage deprives the insurer of its right to insist upon compliance with a policy

Davenport v. Indemnity Co.

provision requiring forwarding of summons or other process received by the insured. *Clemmons v. Insurance Co., supra; Lowe v. Fidelity and Casualty Co.,* 170 N.C. 445, 87 S.E. 250; Annot., 49 A.L.R. 2d 694, § 30; 8 Appleman, Insurance Law and Practice § 4731, et seq. See *Nixon v. Insurance Co.,* 255 N.C. 106, 120 S.E. 2d 430.

[4]   The *sine qua non* of the rule of waiver by denial of liability, however, is that the insurer has notice that a claim of loss is being asserted against it. *Turpentine & Rosin Factors v. Travelers Ins. Co.,* 45 F. Supp. 310 (D.C.S.D. Ga. 1942); *Peeler v. Casualty Company,* 197 N.C. 286, 148 S.E. 261; Annot., 6 A.L.R. 2d 661; 8 Appleman, Insurance Law and Practice §§ 4732, 4740.

The courts have noted different rules in determining liability between insurers who refuse to defend and those who commence a defense and abandon it. See 14 Couch on Insurance 2d §§ 51, 124; 44 Am. Jur. 2d Insurance §§ 1544-1546, 1557-1559. However, the facts of this case do not require consideration of this question.

In *Clemmons v. Insurance Co., supra,* Bobbitt, J. (now C.J.), in discussing waiver of an insurance contract provision, stated:

"Ordinarily, waiver is defined as a voluntary and intentional relinquishment of a known right. In *Hospital v. Stancil, supra,* waiver is defined as 'the intentional surrender of a known right or privilege, which surrender modifies other existing rights or privileges or varies the terms of a contract.' In *Fetner v. Granite Works,* 251 N.C. 296, 302, 111 S.E. 2d 324, Moore, J., in accord with 56 Am. Jur., Waiver § 12, stated: 'The essential elements of a waiver are: (1) the existence, at the time of the alleged waiver, of a right, advantage or benefit; (2) the knowledge, actual or constructive, of the existence thereof; and (3) an intention to relinquish such right, advantage or benefit.'"

We think that *Campbell v. Continental Casualty Co. of Chicago,* 170 F. 2d 669, 6 A.L.R. 2d 655 (8th Cir. 1948), sheds light upon the question before us. We quote from the decision of the 8th Circuit Court of Appeals:

"The insured's principal contention here is that he was not required to forward his summons and copy of

petition to the insurer, because, he says, his truck driver, who under the omnibus coverage clause in the policy also was an insured, had previously delivered his summons and copy of petition to an employee in the insurer's office and this constituted a sufficient compliance as to both of them.

\* \* \*

. . . The driver's suit papers might have informed the insurer that the insured had been named as a defendant in the action, but as we have stated they would not advise it that the insured had been brought into court. And neither the language of the policy, nor the construction made by any court of such provisions as it contains, has imposed on the insurer, merely because it knows that an insured has been named as a defendant in an action, the sentry duty of tracking back and forth to the court house to keep a check on if or when he may be served with process.

Under the trial court's finding, which the evidence clearly sustains, the insurer never knew, until after the default judgment was entered, that the insured had been brought into court by the service of process. The prejudice to the insurer's right from the failure to have forwarded the summons, or otherwise to have given adequate notice that such service had been made, is in the situation indisputable. . . .

\* \* \*

. . . Without an estoppel or waiver (which does not here exist), there is no decision in Missouri or elsewhere, so far as we have been able to discover, which permits an insurer to be held liable to an insured on a standard policy of liability insurance for a default judgment against the insured, where the insured has failed to forward to the insurer the process served upon him in the action and the insurer never has had any notice that such service has been made, so as to have afforded it the opportunity to defend."

Cf. *Kershaw v. Maryland Casualty Co.*, 172 Cal. App. 2d 248, 342 P. 2d 72; *Jameson v. Farmers Mutual Automobile Ins. Co.*, 181 Kan. 120, 309 P. 2d 394; *General Ins. Corp. v. Harris*, 327 S.W. 2d 651 (Tex. Civ. App. 1959).

Davenport v. Indemnity Co.

[5]  The only action in which defendant denied coverage was the action seeking to enforce a claim against Thomas Mills, t/a Mills Grocery. Manifestly, the terms of the policy issued by defendant to Thomas and Ralph Mills, d/b/a Mills Motor Company afforded no coverage to Thomas Mills, t/a Mills Grocery; defendant's refusal to defend the action against Mills Grocery was therefore justified.

The written contract is conclusively presumed to express the agreement between the parties until it is reformed or set aside because of fraud or mutual mistake. *Peirson v. Insurance Co.*, 248 N.C. 215, 102 S.E. 2d 800; *Floars v. Insurance Co.*, 144 N.C. 232, 56 S.E. 915. See *Clark v. Ice Cream Co.*, 261 N.C. 234, 134 S.E. 2d 354. Here plaintiff did not seek to reform the insurance contract or offer any evidence to show coverage of Thomas Mills, t/a Mills Grocery but elected to amend so as to add defendant's named insured as a party to this action.

There was no claim asserted against the named insured in the policy issued by defendant until the court allowed the amendment on 18 November 1965 making Thomas Mills and Ralph Mills, d/b/a Mills Motor Company an additional party to the action. Defendant had no notice of the claim of loss against its named insured and could not have knowingly and intentionally waived the policy provision upon which it now relies.

We hold that the facts found by the trial judge do not support his conclusions of law that "when the insurance company denied coverage of the defendant Thomas Mills they waived the condition of the policy that all summonses and other papers be forwarded to them."

The decision of the Court of Appeals is reversed and this cause is remanded to the Court of Appeals with direction that it be certified to the District Court Division of the General Court of Justice of Mecklenburg County for entry of judgment in accordance with this opinion.

Reversed.