ROSE HILL POULTRY CORPORATION v. AMERICAN MUTUAL INSURANCE
COMPANY, INC.

No. 764SC1021

(Filed 5 October 1977)

1. **Insurance § 103 — automobile liability policy — forwarding of legal process to insurer**

   Policy provisions in an insurance contract requiring prompt forwarding of legal process as a condition precedent to recovery on the policy are valid so long as they do not conflict with the Motor Vehicle Financial Responsibility Act.

2. **Insurance § 103 — automobile liability insurance — failure to forward suit papers to insurer — reimbursement from insurer**

   An insured is not entitled to reimbursement from its automobile liability insurer for sums paid to a third party in satisfaction of a default judgment obtained by the third party against the insured in South Carolina in an action arising out of a motor vehicle accident where the insured breached a condition of the policy requiring it to forward suit papers to the insurer or to otherwise notify the insurer of the suit.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 15 September 1976 in Superior Court, DUPLIN County. Heard in the Court of Appeals 20 September 1977.

Plaintiff, the insured, filed a complaint against defendant, its automobile liability insurance carrier, seeking reimbursement from defendant for $20,000, or a part thereof, which plaintiff paid to Clarence Vereen as a result of a default judgment which Vereen obtained against plaintiff in South Carolina in August 1972 following a motor vehicle accident between one of plaintiff's employees and Vereen on 5 March 1970. In March 1975 Vereen brought an action in North Carolina to enforce the South Carolina judgment. The defendant refused to defend the action in North Carolina. Vereen obtained a judgment in North Carolina for $20,000 which plaintiff paid.

In its answer, defendant denied liability because plaintiff had breached a condition of the insurance policy by failing to forward the summons and complaint served on it in 1972 or to otherwise notify defendant of the South Carolina action and because even if defendant had paid the judgment, it would have been entitled to reimbursement of said amount by plaintiff pursuant to G.S. 20-279.21(h) so that plaintiff would have borne the ultimate loss in any event. In response to a Request for Admission of Facts filed by defendant, plaintiff admitted that it had failed to forward to defendant the summons and complaint served on it in 1972 by Clarence Vereen until March 1974.

Each party moved for summary judgment. Plaintiff's motion for summary judgment was denied, and summary judgment for defendant was entered. Plaintiff appealed.

*E. C. Thompson III for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley by Lonnie B. Williams for defendant appellee.*

HEDRICK, Judge.

Plaintiff bottoms its claim against the insurer on G.S. 20-279.21 (f)(1) which in pertinent part provides:

"(f) Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein:

   (1) Except as hereinafter provided, the liability of the insurance carrier with respect to the insurance required by this Article shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be canceled or annulled as to such liability by any agreement between the insurance carrier and the insured after the occurrence of the injury or damage; no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy."

Citing *Jones v. State Farm Mutual Automobile Insurance Co.*, 270 N.C. 454, 155 S.E. 2d 118 (1967), plaintiff asserts that the insurer's liability is absolute under the Motor Vehicle Financial Responsibility Act even though the insured breached a condition of the policy requiring it to forward suit papers to the insurer. The precise holding in *Jones* with respect to this point is that violations of the insurance policy which would constitute a valid and complete defense in regard to coverage in excess of, or not required by, the Motor Vehicle Financial Responsibility Act, do not constitute a defense in regard to compulsory coverage required by the statute, and as to compulsory coverage no violation of policy provisions by the insured after the infliction of damages for which insured is legally responsible can exonerate insurer. In *Jones* the Supreme Court further declared that the Motor Vehicle Financial Responsibility Act is a remedial statute and must be liberally construed to effectuate its purpose to provide compensation for innocent victims injured by financially irresponsible motorists.

[1]   An insurance policy is a contract, and is to be construed and enforced in accordance with its terms insofar as they are not in conflict with pertinent statutes and court decisions. *Hawley v. Insurance Co.*, 257 N.C. 381, 126 S.E. 2d 161 (1962). Policy provisions in an insurance contract requiring prompt forwarding of legal process as a condition precedent to recovery on the policy are valid so long as they do not conflict with the Financial Responsibility Act. *Davenport v. Indemnity Co.*, 283 N.C. 234, 195 S.E. 2d 529 (1973).

[2]   Clearly the plaintiff, in the present case, is not an innocent victim of a financially irresponsible motorist. Obviously, the condition in the policy requiring the insured to promptly forward to the insurer suit papers is not in conflict with the Motor Vehicle Financial Responsibility Act.

While plaintiff's failure under the terms of the policy to forward suit papers or otherwise notify the defendant, insurer, of the action instituted against plaintiff in South Carolina by Vereen, did not defeat or void defendant's liability under the policy with respect to Vereen, it did relieve the insurance carrier of its obligations under the policy to afford protection for the plaintiff, insured. Thus, plaintiff, because of its breach of one of the conditions of the insurance contract, is not entitled to reimbursement from defendant for sums paid by it to Vereen. Summary judgment for defendant is affirmed.

Affirmed.

Judges VAUGHN and CLARK concur.