### J. J. FIELDS v. EQUITABLE LIFE ASSURANCE COMPANY.

(Filed 7 March, 1928.)

**1. Insurance—Disability Clauses—Proof of Disability.**

Where under a clause in a policy of insurance there is a provision for paying the insured a certain amount monthly in the event the insured furnish proof that a total disability of his earning capacity exists, which he furnishes, and the insurer accepts and pays the stipulated amount, and thereafter upon a certificate of his physician the insurer ceases payment for the cessation of such disability: *Held*, the burden of proof is on the insured to show his continued disability within the terms of the policy.

**2. Insurance—Disability Clauses—Questions for Jury.**

Where there is conflicting evidence that the insured is permanently disabled under a clause in his policy of insurance paying him a certain monthly sum during disability, the issue is for the jury to determine.

**3. Insurance—Disability Clauses—Physician's Certificate Does Not Bar Insured's Right of Action.**

The fact that the certificate of a physician given under the requirements of a disability clause in the policy would reasonably cause the insurer to discontinue payment, does not bar the insured's right to show that his disability still exists.

CIVIL ACTION, before *Grady, J.,* at September Term, 1927, of JOHNSTON.

The evidence tended to show that on 9 February, 1921, the defendant issued to the plaintiff a policy of insurance in the sum of $5,000, which said policy contained permanent disability clauses. Said policy, among other clauses, contained the following: "II. TOTAL AND PERMANENT DISABILITY. If the insured before attaining age sixty, provided all premiums have been duly paid and this policy is then in full force and effect, becomes physically or mentally incapacitated to such an extent that he is and will be wholly and presumably permanently unable to engage in any occupation or perform any work for compensation of financial value, and furnishes due proof thereof, and that such disability has then existed for sixty days, the Society, during the continuance of such disability, will waive payment of any premium payable upon this policy after receipt of such proof, and will pay to the insured an income of six hundred dollars a year, payable in monthly installments, subject to the following conditions."

In March, 1922, the plaintiff became sick and filed a claim with the defendant for disability benefits of $50.00 per month. On 3 July, 1922, the defendant, after receiving said proof of disability, allowed the claim of plaintiff and paid him the sum of $50 per month in accordance with the terms of said policy, beginning with 6 December, 1922, and termi-

nating 9 May, 1923. On 25 April, 1923, a blank form, designated as proof of continuance of disability, was filled out by the attending physician of the plaintiff. Question five in said blank form was as follows: "Do you believe that, as the result of a bodily injury or of disease, the insured is now and will be permanently, continuously and wholly prevented thereby from performing any work for remuneration or profit, or from following any gainful occupation?" The attending physician answered said question on said form as follows: "Able to perform light work on farm; not permanently disabled." This proof of disability was received by the defendant on 30 April, 1923. Thereupon the defendant, acting upon the proof, declined to make further payment to the plaintiff and notified him in writing on 6 June, 1923, that the "policy has been restored to a premium paying basis and no further installments will be paid." Thereafter, on 15 September, 1923, the plaintiff instituted this suit against the defendant, alleging and contending that he is wholly and permanently disabled, and therefore entitled to the disability compensation provided in the contract.

At the conclusion of the evidence the trial judge sustained a motion of nonsuit and the plaintiff appealed.

*J. Ira Lee, W. H. Massey and Parker & Martin for plaintiff.*
*W. H. Lyon, Jr., and S. Brown Shepherd for defendant.*

BROGDEN, J. The record discloses that the sole question at issue between the parties was whether or not the plaintiff was permanently disabled within the purview of the terms of the policy, on 9 May, 1923, and thereafter at the time of instituting this action.

The plaintiff contended and insisted that the proof of disability submitted by his attending physician to the effect that he was not permanently disabled was not a correct statement of the true facts for the reason that since his first attack in 1922, he had been wholly and permanently disabled thereafter. Furthermore, at the trial the plaintiff offered evidence tending to show that he was permanently disabled, and his physician who furnished the proof of disability on 25 April, 1923, testified that when he used the expression, "not permanently disabled" that he meant that the plaintiff was not confined to his bed. The proof of permanent disability furnished by plaintiff on 25 April, 1923, and his testimony and that of his physician at the trial were conflicting. In such cases the rule of law is thus stated in *Hill v. Ins. Co.,* 150 N. C., p. 1: "The proofs of loss, though not conclusive and irrebuttable by plaintiff, are prima facie true as against him. *Ins. Co. v. Newton,* 22 Wall., Vol. 89, p. 32; *Ins. Co. v. Rodel,* 95 U. S., 232. The burden was upon the plaintiff to show that a statement made in the proofs of loss

was erroneous in fact. The plaintiff, having filed them, has vouched for their truth. He must show mistake."

In the *Rodell case, supra,* the policy contained a clause that if the insured should "die by his own hand" the policy would be void. It was conceded that the insured died 5 December, 1873, from the effects of poison administered by his own hand. The beneficiary, however, contended that the insured was insane at the time of taking the poison and denied that he committed suicide within the meaning and intent of the policy. The company contended that the proof of loss itself contained evidence avoiding liability. *Justice Bradley,* writing for the Court, said: "If the proofs also disclosed facts of which the defendant could avail itself as a defense to an action on the policy, this would not derogate from the sufficiency of the proofs as proofs of death. But while the disclosure of such facts might well suggest to the company the propriety of refusing payment and standing suit, it would be no bar to the bringing of a suit; otherwise, no suit could ever be brought until the parties had gone through an extra-judicial investigation resulting favorably to the assured."

Applying these principles to the facts disclosed in the record, we are of the opinion, and so hold, that the question of permanent disability was a question for the jury, and therefore the judgment of nonsuit is

Reversed.