SCHENCK, J., took no part in the consideration or decision of this case.
This is an action to recover on a certificate of insurance which was issued on 3 December, 1929, by the defendant to the plaintiff as an employee of the R. J. Reynolds Tobacco Company of Winston-Salem, N.C. pursuant to the provisions of a policy of group life insurance, by which the defendant had insured certain employees of the said tobacco company.
It is provided in said policy of insurance that "in the event that any employee while insured under the aforesaid policy, and before attaining age 60 becomes totally and permanently disabled by bodily injury or disease, and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the society will, in termination of all insurance of any such employee under the policy, pay equal monthly disability installments, *Page 849 
the number and amount of which shall be determined by the table of installments below."
It is further provided in said policy of insurance that "the insurance of any employee under the above mentioned policy shall automatically cease upon his discontinuing his contributions toward the payment of premiums for insurance thereunder, or upon termination of his employment with the employer in the specified classes of employees, or in the event of his being pensioned, retired, granted leave of absence or laid off from full time employment."
The plaintiff was an employee of the R. J. Reynolds Tobacco Company from the date of the issuance of the certificate of insurance, to wit: 3 December, 1929, to 26 September, 1932, when his employment was terminated by his discharge for the violation on said day of a rule of said company. During this period he was insured under the policy of group life insurance issued by the defendant to the R. J. Reynolds Tobacco Company. His insurance, however, under the terms of the policy, ceased on 26 September, 1932.
The evidence at the trial showed that while the plaintiff was insured under said policy, he became disabled as the result of a disease which he had contracted while in the employment of the R. J. Reynolds Tobacco Company; that this disease by its very nature affected the mind of the plaintiff, and that it was progressive in its nature, and incurable. Prior to his discharge as an employee of the R. J. Reynolds Tobacco Company, and while he was insured by the defendant, he suffered a disability by disease, which was permanent.
The evidence showed further that notwithstanding his disability, the plaintiff continued to perform his work as an employee of the R. J. Reynolds Tobacco Company, up to and including the day of his discharge. He earned and was paid full wages for his work. His services were satisfactory to his employer. He was not discharged because of his disability, but because in violation of a rule of the company, he had whiskey in his possession on the premises of the tobacco company, while he was at work.
After his discharge on 26 September, 1932, the plaintiff endeavored to get other employment, but was unable to do so. Sometime in January, 1933, he was adjudged insane, as the result of the disease from which he was suffering prior to his discharge. He is now and has been since 13 January, 1933, a patient in the State Hospital for the colored insane at Goldsboro, N.C. He is now both totally and permanently disabled by disease, and thereby prevented from engaging in any occupation, or performing any work for compensation of financial value.
This action was begun on 23 February, 1933, and is prosecuted by the duly appointed next friend of the plaintiff. *Page 850 
The issue submitted to the jury was answered as follows:
"Was James Boozer on 26 September, 1932, totally and permanently disabled by bodily injury or disease, as alleged in the complaint? Answer: Yes."
From judgment that plaintiff recover of the defendant the sum of $500.00, and the costs of the action, the defendant appealed to the Supreme Court.
The plaintiff is not entitled to recover in this action for a disability resulting from bodily injury or disease, suffered by him while insured by the defendant, unless such disability was both permanent and total.
Conceding that there was evidence at the trial tending to show that plaintiff suffered a permanent disability from disease, while he was insured by the defendant, and before he had attained the age of 60 years, we must hold that there was no evidence tending to show that the disability was total. All the evidence shows that plaintiff was able to perform and did perform the duties of his employment up to and including the day of his discharge, which terminated his insurance. For this reason there was error in the refusal of the court to allow defendant's motion, at the close of all the evidence, for judgment as of nonsuit. See Thigpen v. Ins. Co.,204 N.C. 551, 168 S.E. 845. The judgment is
Reversed.
SCHENCK, J., took no part in the consideration or decision of this case.