KITTIE P. HILL, INDIVIDUALLY AND AS ADMINISTRATRIX OF DAVID H. HILL, DECEASED, v. THE CONNECTICUT GENERAL LIFE INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

(Filed 10 October, 1934.)

**Insurance R c—Evidence held insufficient to show total disability and action on disability clause was properly nonsuited.**

In this action on a disability clause in a policy of life insurance which provided for benefits to insured if he should become permanently and totally disabled to pursue any occupation for wages or profit, all the evidence tended to show that insured, although his health was greatly impaired by a progressive disease subsequently causing his death, continued to work regularly and continuously while the policy was in force and after its termination, and was paid wages by his employer regularly during this period: *Held,* the evidence failed to show total disability of insured while the policy was in force, and insurer's motion as of nonsuit was properly allowed.

APPEAL by plaintiff from *Parker, J.,* at February Term, 1934, of JOHNSTON. Affirmed.

This is an action to recover on a policy of insurance issued by the defendant on 25 October, 1930, by which the defendant agreed to pay to plaintiff's intestate as the insured in said policy the sum of one thousand dollars, provided the insured should become permanently and totally disabled, while the policy was in force, and before the insured had attained the age of 60 years, to pursue any occupation for wages or profit.

The policy was in full force and effect from the date of its issue until 30 April, 1932, when, according to its terms, it terminated. The insured died on 26 September, 1932, at the age of 39 years.

It is alleged in the complaint that prior to the termination of the policy, and before the insured had attained the age of 60 years, he became permanently and totally disabled to pursue any occupation for wages or profit, and that for that reason, under the terms of the policy, the defendant became indebted to the insured in the sum of one thousand dollars. This allegation is denied in the answer.

All the evidence at the trial showed that from the date of the policy until it terminated, according to its terms, the insured was regularly and continuously employed by the Sanders Motor Company as an automobile salesman; that during said time the insured was regularly and continuously at work for his employer, receiving pay for his work in accordance with the terms of his employment; and that after he left the employment of the Sanders Motor Company until the day of his death he was regularly and continuously employed. He performed the duties of his employment and received wages for his work.

There was evidence tending to show that for several months prior to the termination of the policy, and while the same was in force, the health of the insured was greatly impaired by a disease which was progressive in its nature, and ultimately resulted in his death, but that notwithstanding his impaired health the insured continued at work, and earned wages, which were paid by his employer.

At the close of all the evidence, the motion of the defendant for judgment as of nonsuit was allowed.

From judgment dismissing the action, the plaintiff appealed to the Supreme Court.

*E. G. Hobbs and E. J. Wellons for plaintiff.*
*J. M. Broughton for defendant.*

CONNOR, J. The judgment of nonsuit, dismissing this action, is affirmed on the authority of *Boozer v. Assurance Society,* 206 N. C., 848,

175 S. E., 175, and *Thigpen v. Insurance Co.*, 204 N. C., 551, 168 S. E., 845.

These cases are easily distinguished from *Carter v. U. S.*, 49 Fed. (2d), 221. In the latter case there was evidence tending to show that while the policy was in force the insured accepted employment, and attempted to perform the duties of his employment, but was forced, because of his disability, to abandon his work. In the instant case, as well as in the cited cases, all the evidence showed that the insured not only accepted employment, but performed the duties of his employment regularly and continuously while the policy was in force.

The evidence in the instant case failed to sustain the allegations of the complaint, which were sufficient to constitute a cause of action. By the terms of the policy defendant was liable to plaintiff's intestate only if he became both totally and permanently disabled to pursue any occupation for wages or profit. The evidence failed to show that he became totally disabled, and for that reason the action was properly dismissed by judgment of nonsuit.

Affirmed.