ADDISON B. GUY v. ÆTNA LIFE INSURANCE COMPANY.

(Filed 31 October, 1934.)

1. **Insurance M e—Denial that proof furnished by insured showed disability within terms of policy waives further proof of disability.**

Where insured sends insurer a physician's report in furnishing proof of disability within the terms of the policy, and insurer's agent writes insured that the company declined the claim on the ground that the physician's report failed to show disability within the terms of the policy, the letter constitutes a denial of liability by insurer which waives further proof of disability.

2. **Same—**

A provision in a policy requiring proof of loss, disability, or death is waived by the company's denial of liability upon grounds other than failure to furnish such proof.

3. **Insurance R c: Evidence K a—**

A physician's statement as to the condition of insured is not conclusive on the question of insured's disability within the terms of the policy.

APPEAL by plaintiff from *Parker, J.,* at June Term, 1934, of HARNETT.

Civil action to recover disability benefits under policy of insurance issued to plaintiff by defendant.

The policy in suit contains the following provisions:

"BENEFITS IN EVENT OF PERMANENT TOTAL DISABILITY.

"Six months after proof is received at the home office of the company, that from causes originating after the delivery of this policy the insured has become wholly, continuously, and permanently disabled and will for life be unable to perform any work or conduct any business for compensation or profit, . . . the company will waive the payment of all premiums falling due thereafter, . . . pay to the insured a sum equal to the monthly installment provided on the first page hereof," etc.

On 30 January, 1932, plaintiff filed preliminary notice of disability with defendant's agent and asked for necessary proofs in order that his claim might receive immediate attention.

For the purpose of showing "denial of liability" on the part of defendant, the plaintiff offered in evidence a letter written to him by defendant's agent, as follows:

"Our home office advises they have received Dr. Dewar's report of your examination and what Dr. Dewar has to say has been duly considered in connection with the information developed on the inspection report.

"Dr. Dewar does not believe that you are totally and permanently disabled and will for life be unable to engage in any occupation for wages or profit.

"I am therefore requested by our home office to say that they cannot recognize your claim, but to assure you that this is in no sense a repudiation of your policy contract, which remains in full force and effect, subject to its terms and provisions."

The court, being of opinion that, according to this letter, no proof of disability had been received at the home office of the company as provided by the policy, entered judgment of nonsuit, from which the plaintiff appeals, assigning errors.

*Neil McK. Salmon and Dupree & Strickland for plaintiff.*
*Murray Allen for defendant.*

Stacy, C. J.  This is the same case that was before us at the last term, opinion filed 28 February, 1934, and reported in 206 N. C., 118, 172 S. E., 885.

Ample evidence of plaintiff's permanent total disability was adduced on the hearing, but it was thought the letter offered by the plaintiff shows that no proof thereof had been furnished the company as provided by the policy.  The action, therefore, was dismissed as in case of nonsuit.  *Wyche v. Ins. Co., ante,* 45.  In this we think his Honor overlooked the denial of liability contained in said letter, which dispensed with the necessity of further proof.  *Misskelley v. Ins. Co.,* 205 N. C., 496, 171 S. E., 862; *Gerringer v. Ins. Co.,* 133 N. C., 407, 45 S. E., 773.

It is established by the decisions in this jurisdiction that a provision in an insurance policy requiring proof of loss, disability or death is waived by the company's denial of liability, or refusal to pay, upon grounds other than failure to furnish such proof.  *Misskelley v. Ins. Co., supra.*

The physician's statement, which the defendant alone interpreted as being adverse to plaintiff's claim, and which is not in evidence, was not conclusive of the plaintiff's right to recover.  *Fields v. Assurance Co.,* 195 N. C., 262, 141 S. E., 743.

Reversed.