ERNEST E. CARTER, ADMINISTRATOR, v. CONNECTICUT GENERAL LIFE INSURANCE COMPANY.

(Filed 1 November, 1935.)

1. **Insurance F d: R c—Held: Evidence failed to show disability at time of termination of employment, and insurer was not liable.**

   Plaintiff's intestate was insured under a policy of group insurance providing disability benefits for employees becoming totally and permanently disabled while employed by the company. While in the company's employ insured underwent two operations, but thereafter returned to work, and later his services with the company were terminated, and he was paid a premium refund, and the pay roll deduction order for insurance cancelled. About six months thereafter insured was employed by the company for two weeks. Thereafter insured again became ill and died of cancer of the stomach. There was expert testimony that insured was suffering from cancer at the time the second operation was performed while he was in the employ of the company. *Held:* The evidence failed to show permanent and total disability at the time insured's employment was terminated and the premium refund paid to him, since the evidence discloses that insured, after his illness occurring during his employment and before the termination of the insurance contract, worked full time for the company on two different occasions, and was not, therefore, permanently and totally disabled during his employment before termination of the contract.

2. **Insurance E b—**

   A policy of insurance will be construed strictly against insurer and in favor of insured, but the policy cannot be enlarged by construction beyond the meaning of the terms used.

3. **Insurance M c—**

   A letter of a physician stating that insured had survived a very serious sickness, but was at that time rapidly improving and should completely recover, *is held* insufficient as notice of permanent and total disability, although it would not preclude recovery under the disability clause in the policy if in fact the disability proved permanent.

APPEAL by defendant from *Sink, J.,* at March Term, 1935, of BUN-COMBE.

Civil action to recover on two certificates of group insurance, one for $1,000, the other for $1,250, issued by defendant to plaintiff's intestate, an employee of the Gulf Refining Company, a subsidiary of the Gulf Oil Corporation.

The certificates in suit provide for payment, in the event of death, to the beneficaries named therein, or "in the event of total and permanent disability occurring before age sixty, to the insured himself."

"Total Disability: Any employee shall be deemed to be totally disabled within the meaning of this policy if injuries, sickness, or disease continuously prevent him from performing any and every duty pertaining to his occupation."

"Permanent Total Disability: If said total disability began before age 60, and presumably will during his life prevent the employee from pursuing any occupation for wages or profit; . . . he shall be deemed to be totally and permanently disabled within the meaning of this policy."

It is further provided in said certificates that the insurance shall cease whenever the employee "leaves the service of his employer, or cancels his pay roll deduction order," unless converted into a life insurance policy according to option contained therein, which was not done in the instant case.

With respect to payment of claims, the Master Policy provides as follows: "No claim for permanent total disability incurred by an employee during his period of employment shall be paid after the termination of his employment, unless the employee gives notice of the disability to his superior in writing while in the employ of the Gulf Companies or within sixty days thereafter."

The certificates in suit were issued 13 May, 1930, when plaintiff's intestate was employed by the Gulf Refining Company as a truck driver. In May, 1931, the insured underwent an operation for appendicitis, and in August, 1931, a second operation was performed for an obstruction of the colon. A period of convalescence followed, and in December, 1931, the insured reported back for work. He was given position of service station attendant on 6 January, 1932, and worked until 31 January, 1932, when his services with the company were terminated, and the pay roll deduction order for insurance canceled, the insured being paid at the time a premium refund of sixty cents on his group insurance. He did not elect to carry his insurance thereafter.

Plaintiff's intestate later worked for the Gulf Refining Company from 22 June, 1932, to 6 July, 1932, relieving a service station attendant who was ill during this period.

In August, 1932, plaintiff's intestate again became too ill to work, and in the following December, the cause of his disability was diagnosed as cancer of the stomach, from which he died in January, 1933.

There is testimony that the cancer was forming for some time prior to his death. The physician who operated in August, 1931, testified that he was then "suspicious of possible malignancy," and "in the light of hindsight, I know now the vascular growth which I found at the second operation in August, 1931, was a cancer."

On 3 November, 1931, the physician wrote the agent of the Gulf Refining Company, at the agent's request, giving a full history of his patient's illness and stating, "We all feel he is the sickest individual we have ever seen survive," but adding: "At present he is rapidly gaining in weight and strength and should make a complete recovery."

This letter was offered as written notice of disability under the policies in suit.

Demurrers to the evidence or motions to nonsuit; overruled; exceptions.

From a verdict finding that the insured was "totally and permanently disabled on 31 January, 1932," and that written notice thereof was given "his employer while in the employ of the Gulf Companies, or within sixty (60) days thereafter," and judgment thereon, the defendant appeals, assigning errors.

*R. R. Williams, William J. Cocke, Jr., and Johnson & Johnson for plaintiff.*

*John Izard and Harkins, Van Winkle & Walton for defendant.*

STACY, C. J., after stating the case: The evidence fails to show: (1) total and permanent disability of insured during period of employment as defined in the policies, or (2) written notice of disability to superior while the insured was in the employ of the Gulf Companies, or within sixty days thereafter. These are conditions precedent to the right of recovery under the policies in suit.

It is true, the insured's physician gave it as his opinion that on 17 October, 1931, the last time he waited upon him, "the boy was unable to do any kind of work at that time, or pursue any kind of occupation." Nevertheless, plaintiff's intestate did actually perform all the duties pertaining to his employment, at regular wages, during the month of January, 1932, until his employment ceased, and also in the following June and July. These were not trifling or minor jobs, on part-time basis, as was the case in *Smith v. Equitable Assurance Society*, 205 N. C., 387, 171 S. E., 346, strongly relied upon by plaintiff. They were regular full-time positions, which were filled in an entirely satisfactory manner and without complaint of any kind.

The case is controlled by the decisions in *Hill v. Ins. Co.*, 207 N. C., 166, 176 S. E., 269; *Boozer v. Assurance Society*, 206 N. C., 848, 175 S. E., 175, and *Thigpen v. Ins. Co.*, 204 N. C., 551, 168 S. E., 845.

There is a natural feeling that after an insurance company has received its premiums, it ought not to be allowed to escape liability or to avoid responsibility, and the just rule is that policies will be construed strictly against the insurers and in favor of the assured. *Conyard v. Ins. Co.*, 204 N. C., 506, 168 S. E., 835. "The policy having been prepared by the insurers, it should be construed most strongly against them." *Bank v. Ins. Co.*, 95 U. S., 673; 14 R. C. L., 926. But it is not the province of the courts to construe contracts broader than the parties have elected to make them, or to award benefits where none were intended. *Guarantee Co. v. Mechanics Bank*, 183 U. S., 402.

The letter of plaintiff's intestate's physician written under date of 3 November, 1931, at the request of the employer's agent, could hardly be regarded as written notice of disability under the policies in suit, for the reason it was not so intended (*Trust Co. v. Asheville*, 207 N. C., 162, 176 S. E., 268), and it negatives rather than affirms the probable permanency of plaintiff's intestate's disability. *Guy v. Ins. Co.*, 207 N. C., 278, 176 S. E., 554. This statement of the physician would not bar a recovery, if, in fact, the disability were permanent. *Fields v. Assurance Co.*, 195 N. C., 262, 141 S. E., 743. But the letter is not regarded as adequate, if relied upon as notice of total and permanent disability. *Wyche v. Ins. Co.*, 207 N. C., 45, 175 S. E., 697.

Under the facts in evidence, plaintiff's intestate was not entitled to recover at the time the policies in suit were terminated. The motion to nonsuit should have been allowed.

Reversed.