This is an action brought by plaintiff against defendant to recover $1,000, pursuant to the terms of a group insurance policy contract. The plaintiff on or about 8 April, 1931, was employed as a textile worker in the mill of E. M. Holt Plaid Mills, Inc., and E. M. H. Knitting Mills, at Burlington, N.C. The plaintiff's employer entered into a certain contract with the defendant corporation by the terms of which The Equitable Life Assurance Society of the United States issued group insurance policies to all employees of the said E. M. Holt Plaid Mills, Inc., and E. M. H. Knitting Mills. Pursuant to said contract the plaintiff was issued a policy of The Equitable Life Assurance Society of the United States, designated as No. 3084-263, for the sum of One Thousand ($1,000) Dollars. Among the provisions of said policy is the following: "Total and Permanent Disability Provision. In the event that any employee while insured under the aforesaid policy and before attaining age 60, becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation orperforming any work for compensation of financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the Society will, in termination of all insurance of such employee under the policy, pay equal monthly disability-installments, the number and amount of which shall be determined by the table of installments below — amount of insurance, $1,000 — number of monthly disability-installments, 20 — amount of each monthly disability-installments, $21.04. The first installment shall be due upon receipt of said proofs and shall be for the amount of monthly disability-installments accrued from the commencement of said total and permanent disability, and subsequent installments shall be paid monthly during the continuance of said disability until the completion of said installments."
The plaintiff alleged in his complaint that "while employed by the E. M. Holt Plaid Mills, Inc., at Burlington, N.C. and while said policy was in force and effect, `this plaintiff having a portion of his weekly wage deducted in order to assist in payment of premiums on said policy,' *Page 184 
was taken so ill with bronchial asthma on or about the first day of September, 1932, that he was unable to work any longer, and has since said time been totally and permanently disabled, and has been advised, believes, and therefore alleges that he will be totally and permanently disabled for life from engaging in any regular occupation or performing any work for compensation of financial value. That the plaintiff immediately notified the defendant of his condition and furnished a statement of Dr. F. O. Bell of Burlington, N.C. his attending physician, to the effect that the plaintiff was totally and permanently disabled, and that said condition was presumably of a permanent nature. That the said defendant, instead of paying the monthly installments as provided under the terms of said policy, extended the said period from time to time to observe the plaintiff's condition, for the alleged purpose of determining whether or not said condition was of a temporary or permanent nature, without ever making any definite decision as to the probable permanency of this plaintiff's physical disability, from the latter part of August, 1932, until 10 December, 1935, at which time the claim of this plaintiff under said policy was disallowed."
Among other things, the plaintiff alleges in his complaint that: "On account of his said destitute condition and the fact that the nation-wide depression had so destituted his relatives that they could not assist him, this plaintiff, in order to secure necessary subsistence upon which to live, and in spite of his physical disability to do so, went to the Dan River Cotton Mills in the city of Danville, Virginia, and applied for work at said mills. That this plaintiff, in order to pass the physician at the mills, took a dose of morphine that morning in order to attempt to conceal his acute asthmatic condition so that he could secure some food for himself, and was successful in securing employment. That by taking morphine regularly this plaintiff was halfway able to stay on the job until the latter part of November, 1934, although he had to stay out sometimes two and three days a week, and at other times was forced to stay out as much as a week on three or four different times from January through the month of November, 1934, and during all of said time was only able to secure enough money to barely keep body and soul together, and during all of the time of his actual employment, was laboring under great pain and terrific physical disability, all on account of the negligence of the defendant and its obstinate refusal to abide by and carry out the terms of its insurance contract hereinbefore mentioned and described. That in the latter part of November, 1934, the foreman at said mill reprimanded this plaintiff severely about a piece of cloth, and at the time this plaintiff, although he was doped with morphine, became so choked with his acute asthmatic condition that he could not reply or talk to his said foreman. Thereupon the said foreman immediately discharged *Page 185 
him and said that this plaintiff `wasn't any account nohow.' That ever since the month of January, 1935, this plaintiff had to totally rely for the meager food, scant clothing, and medical treatment upon the Danville Welfare Department of the city of Danville, Virginia. That this plaintiff has been forced to undergo all of the excruciating pain and physical handicaps, as hereinbefore set out, unnecessarily, on account of the gross carelessness, negligence, and refusal of the defendant to abide by and carry out the terms of its insurance policy, as hereinbefore alleged."
The defendant demurred to the complaint, as follows:
"1. According to the complaint, the plaintiff ceased to work for the E. M. Holt Plaid Mills, Inc., the latter part of August, 1932, and that his insurance certificate, set forth in the complaint, expired and terminated as of 10 June, 1933, or prior to that time. That thereafter, in January, 1934, the plaintiff went to work for the Dan River Cotton Mills in Danville, Virginia, and continued in employment of said mills until the latter part of November, 1934, and thereby performed `work for compensation of financial value.' That, as provided in the said policy, and as set forth in paragraph four of the complaint, in order to obtain disability benefits under the said policy it was necessary that the insured: `Before obtaining age 60 becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value.' That on account of said facts the defendant is estopped from claiming total and permanent disability by reason of claim made and filed by him, as alleged in paragraph six of the complaint.
"2. That from the complaint, it does not appear that the plaintiff at the time of making the claim, and for considerable time thereafter, was totally and permanently disabled under the meaning and terms of said policy, and is therefore not entitled to the relief asked for."
The court below overruled the demurrer. The defendant excepted, assigned error, and appealed to the Supreme Court.
We think the plaintiff alleged too much in his complaint to recover on the policy in controversy, and the demurrer of defendant must be sustained. The allegations in the complaint appeal to the humane attitude, but we are not permitted to go beyond the terms of the contract. When plaintiff's claim was disallowed, he worked from *Page 186 
January to the latter part of November, 1934, in the Dan River Cotton Mills and performed work "for compensation of financial value."
In Smith v. Assurance Society, 205 N.C. 387 (393), this Court said:
"The evidence in all the above cases and in the present case indicates that the jobs were of a trifling nature. Is it possible to construe a policy like the present to say that a man, although death-doomed with tuberculosis, and having a wife and seven children needing, as the plaintiff testified, `something to eat,' if he should attempt in his wasted condition to try in a feeble way to do trifling work, that this was a forfeiture of his policy? Such a holding would be contrary to the spirit, if not the letter, of the contract."
When the plaintiff's claim was disallowed he could have at once sued defendant and recovered, if it was liable on the contract. He did not do this but took a permanent job for some nine months. The pathos is that innumerable men and women like plaintiff have had to work, and do not work, for their daily bread, handicapped by disease. The action is on a contract which we think the allegations of plaintiff exclude him from its provisions. We think the case of Thigpen v. Ins. Co., 204 N.C. 551, determinative of this cause. In that case a "court crier" received $40.00 a month for his services.
For the reasons given, the demurrer is sustained and the judgment of the court below is
Reversed.