CORDELIA A. FELTS v. SHENANDOAH LIFE INSURANCE
COMPANY, INC.

(Filed 25 March, 1942.)

**1. Insurance § 30a—Notice of disability during insured's lifetime held not required when insured is incapable of giving notice during period before death when notice was due to be given.**

The policy in suit provided that premiums due subsequent to disability would be waived upon proof of disability given insurer within one year from the inception of the disability, provided such disability had existed continuously for not less than six months and provided the premium due next after inception of disability had not been in default for more than six months. The policy further provided that proof of disability must be given during the lifetime of insured and during the period of disability as a condition precedent to liability for disability benefits, but that failure to give proof within the time required should not invalidate any claim if it should be shown not to have been reasonably possible to give such proof and that proof was given as soon as reasonably possible. The jury found that insured was wholly disabled for six months and four days prior to his death and that he was totally incapacitated from giving notice during the last four days of his life. *Held:* Under the terms of the policy and the facts disclosed, valid notice of disability could not be given before the disability had existed for six months, and, therefore, the policy had not lapsed by reason of the failure to pay the premium which fell due, under the terms of the policy, two months and nine days prior to the death of the insured.

**2. Same: Insurance § 13a—**

When the terms of a policy as to notice and proof of disability are ambiguous or conflicting, that construction or provision which will sustain liability will be adopted.

**3. Insurance § 34b—**

When insurer denies liability on the ground of forfeiture of the policy for nonpayment of premium it waives notice and proof of disability.

APPEAL by defendant from *Clement, J.,* at January Term, 1942, of WILKES.

Civil action to recover $1,000.00 alleged to be due plaintiff as beneficiary in a certain policy of insurance which was issued to James E. Felts by the defendant, 13 May, 1938.

Plaintiff alleges that James E. Felts died on 22 July, 1939, and that from and after 18 January, 1939, he was wholly and permanently disabled from performing any work or transacting any business; and further alleges that after the insured became permanently disabled to engage in any kind of work and before the annual premium for the year

1939 was due, notice of said disability was given to T. H. Settle, defendant's local agent, who resides in North Wilkesboro, Wilkes County, North Carolina.

The defendant alleges and contends that, under the terms of the policy issued to the insured, it was incumbent upon the insured, or his representative, to give due notice to the home office of the defendant of such disability and to make satisfactory proof thereof on forms which would be furnished by defendant on request of insured, and that said written forms were to be submitted within one year from the beginning of the total disability, provided such disability had continued for a period of not less than six consecutive months. Defendant further contends the policy lapsed for failure of the insured to pay the annual premium of $38.83 on 13 May, 1939.

It was admitted by plaintiff that the insured did not pay the second annual premium alleged to be due on the policy, 13 May, 1939.

The plaintiff and defendant offered evidence at the trial below.

The following issues were submitted to the jury:

"1. Did the defendant execute to James E. Felts the policy of insurance as described in plaintiff's complaint? Answer: 'Yes.'

"2. Was James E. Felts, the insured, permanently, continuously and wholly disabled by disease from pursuing any occupation for compensation or profit from January 18, 1939, until July 22, 1939? Answer: 'Yes.'

"3. Was James E. Felts, the insured, totally incapacitated from giving notice to the defendant of his disability from July 18, 1939, to July 22, 1939? Answer: 'Yes.'

"4. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: '$1,000.00.' "

From the judgment on verdict, defendant appealed to the Supreme Court and assigns error.

*Whicker & Whicker for plaintiff.*
*John R. Jones for defendant.*

DENNY, J. A copy of the insurance policy issued to James E. Felts was introduced in evidence at the trial below as well as Supplemental Contract issued in connection with and constituting a part of the Principal Contract.

We think all the exceptions of the defendant can be disposed of by a consideration of the pertinent parts of the insurance contract, which appear in the Supplemental Contract, as follows:

"Supplemental Contract issued in connection with the Company's Policy No. 125,659, on the life of James Evert Felts, which is the Principal Contract.

"If, before default in the payment of any premium under the Principal Contract and _this Supplemental Contract, and before the sum insured or any installment thereof becomes payable, and prior to the anniversary date of the said Policy nearest to the fifty-fifth birthday of the Insured, said Insured has become physically and incurably disabled by disease or bodily injury, occurring and originating after the date of this Supplemental Contract or any reinstatement thereof, so that the Insured is and will be permanently, continuously and wholly prevented thereby from engaging in, participating in or performing not only the usual occupation of the insured, but also engaging in or participating in any other occupation whatsoever, or from performing work of any kind for compensation or profit of any kind whatsoever, and will be disabled for life, and satisfactory proof thereof, (on forms which will be furnished by the Company on request), is submitted within one year from the beginning of the total disability, provided such disability has existed continuously for not less than six consecutive months, (TOTAL DISABILITY OF SUCH DURATION BEING DEEMED TO BE PERMANENT ONLY FOR THE PURPOSE OF DETERMINING THE COMMENCEMENT OF LIABILITY HEREUNDER) the company agrees, subject to all conditions and limitations hereinafter contained:

"To waive the payment of each premium under said Policy and this Supplemental Contract, beginning with the premium the due date of which next succeeds the date of the receipt by the Company of satisfactory proof that the Insured is totally and permanently disabled.

"If the Insured is physically able to perform some one or more of the duties pertaining to his own, or to any other business, occupation or work for compensation or profit, he shall not be deemed totally disabled within the meaning and intent of the provisions hereof.

"Proof of claim, as outlined above, must be given to the Company during the lifetime of the Insured and during the period of disability, and is a condition precedent to the Insured being entitled to the disability benefits. Insanity or other total incapacity will not excuse the failure to file such proofs. Failure to give such proof within the time provided in this Supplemental Contract shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such proof and that proof was furnished as soon as it was reasonably possible.

"In event any premium on the Principal Contract or on this Supplemental Contract is in default not more than six months before total and permanent disability is established and it is shown that the disability began prior to the due date or prior to the expiration of the grace period of the premium in default, premiums falling due after such disability is established will be waived, provided the premium in default is paid by the Insured."

The jury found that the insured was permanently, continuously and wholly disabled by disease from pursuing any occupation for compensation or profit from 18 January, 1939, until 22 July, 1939.

The jury further found that the insured was totally incapacitated from giving notice to the defendant of his disability from 18 July, 1939, to 22 July, 1939.

Under the express terms of the policy, as stated above, the insured was required to submit notice to the defendant within one year from the beginning of the total disability, provided such disability had existed continuously for not less than six consecutive months. Such a notice was to be treated as a basis for the commencement of liability under the terms of the policy. The policy of insurance issued to the insured by the defendant provided for the waiver of premiums in the event of total and permanent disability of the insured. Under the terms of the policy, any notice as to the total and permanent disability of the insured given prior to 18 July, 1939, would not have established permanent and total disability in this case, for the reason that, under the evidence and the finding of the jury, disability had not existed for six consecutive months until that date.

It is true the policy states: "Proof of claim, as outlined above, must be given to the company during the lifetime of the Insured and during the period of disability, and is a condition precedent to the Insured being entitled to the disability benefits." Plaintiff is not asking for the disability benefits under this policy, but for the principal sum by reason of the death of the insured. Notice is not required during the lifetime of the insured for premiums in the event of total and permanent disability to be waived; provided the insured's total disability before death occurred not more than six months after the premium became due. Here total disability occurred before the premium in question fell due. There is, however, a further provision in that same paragraph of the policy, to wit: "Failure to give such proof within the time provided in this Supplemental Contract shall not invalidate any claim if it shall be shown not to have been reasonably possible to give such proof and that proof was furnished as soon as it was reasonably possible."

Where there are apparently conflicting provisions in an insurance contract, or when the policy is ambiguously worded, the general rule of construction with respect thereto is that the one most favorable to the assured should be adopted. *Underwood v. State Life Ins. Co.*, 185 N. C., 538, 117 S. E., 790; *Bennett v. Provident Fire Ins. Co.*, 198 N. C., 174, 151 S. E., 98; *Conyard v. Life & Casualty Co.*, 204 N. C., 506, 166 S. E., 835; *Carter v. Conn. General Life Ins. Co.*, 208 N. C., 665, 182 S. E., 106; *Williams v. Greensboro Fire Ins. Co.*, 209 N. C., 765, 185 S. E., 21.

The only period in which the insured in the instant case could have given the required notice to establish total and permanent disability,

under the provisions of the policy, was from 18 July, 1939, to the date of his death, 22 July, 1939; and it has been established that during that period the insured was totally incapacitated from giving notice of his disability to the defendant.

The defendant contends that it did not receive notice of any disability on the part of the insured until after his death, and therefore the policy lapsed for failure to pay the premium, which it alleges fell due 13 May, 1939. The question of notice becomes immaterial since the defendant denies liability for the failure of the insured to pay the premium alleged to be due 13 May, 1939.

In the case of *Gorham v. Pacific Mutual Life Ins. Co.*, 214 N. C., 526, 200 S. E., 5, *Stacy, C. J.*, said: "It is generally held that 'failure to give notice or furnish proofs of loss, or defects in the notice and proofs, are waived by a denial of liability on other grounds,' the reason being that a denial of liability on other grounds is generally regarded as tantamount to saying payment would not have been made had notice been given, or proof of loss furnished, and the law is not disposed to require a vain thing. Cooley's Briefs on Ins., Vol. 7 (2d Ed.), 6019; *Guy v. Ins. Co.*, 207 N. C., 278, 176 S. E., 554; *Misskelley v. Ins. Co*, 205 N. C., 496, 171 N. C., 862; *Proffitt v. Ins. Co.*, 176 N. C., 680, 87 S. E., 635; *Mercantile Co. v. Ins. Co.*, *ibid.*, 545, 87 S. E., 476; *Moore v. Accident Assurance Corp.*, *supra* (173 N. C., 532, 92 S. E., 362); *Higson v. Ins. Co.*, 152 N. C., 206, 67 S. E., 509; *Gerringer v. Ins. Co.*, 133 N. C., 407, 45 S. E., 773; 14 R. C. L., 1349."

The defendant contends that the failure of the insured to pay the annual premium on 13 May, 1939, or within the grace period of 30 days thereafter, is material and of the essence of the contract, and that such failure involves an absolute forfeiture of the rights and benefits of the assured under the policy and that said policy, upon the failure to pay said premium as set forth above, became null and void. Such contention is untenable. The policy provides: "In event any premium on the Principal Contract or on this Supplemental Contract is in default not more than six months before total and permanent disability is established and it is shown that the disability began prior to the due date or prior to the expiration of the grace period of the premium in default, premiums falling due after such disability is established will be waived, provided the premium in default is paid by the Insured."

The total and permanent disability of the insured has been established as existing from 18 January, 1939, until the death of the insured, 22 July, 1939. We hold that the policy issued by the defendant to James E. Felts had not lapsed at the time of his death, 22 July, 1939.

The defendant, at the trial of this cause, did not show that it had complied with the requirements of C. S., 6465, as to the giving of notice

of premiums due, etc. However, the plaintiff does not need to invoke that statute in order to recover on the policy under consideration. The exceptive assignments of the defendant are without substantial merit.

In the trial below we find

No error.