CHARLES F. JENKINS v. METROPOLITAN LIFE INSURANCE COMPANY.

(Filed 30 September, 1942.)

**Insurance § 34a—**

> In plaintiff's action to recover, on a policy of insurance, benefits for total and permanent disability, preventing him "permanently from engaging in any occupation or from performing any work for compensation or profit," where it appears from his own testimony that he actually did work almost continuously for more than eight months immediately preceding the trial of this action, defendant's motion of nonsuit should have been allowed.

APPEAL by defendant from *Sink, J.,* at Regular July Civil Term, 1942, of BUNCOMBE.

Civil action to recover on policy of insurance benefits for total and permanent disability.

Upon trial *de novo* in Superior Court on appeal thereto from a judgment of a court of a justice of the peace, in which the action was instituted on 2 January, 1942, this case was submitted to the jury on these issues, which were answered as shown:

"1. Is the plaintiff permanently and totally disabled as the result of bodily injury and disease so as to be prevented thereby from engaging in any occupation for wage or profit?   Answer: 'Yes.'

"2. What amount, if any, is the plaintiff entitled to recover of the defendant?   Answer: '$180.00.' "

On such trial evidence for plaintiff tended to show that as an employee of the Carolina Power & Light Company, the defendant issued to him a certain certificate of insurance under certain group policy which contained this provision:

"TOTAL AND PERMANENT DISABILITY BENEFITS: Under the terms of the Group Policy mentioned on page one of this Certificate, any employee shall be considered totally and permanently disabled who furnishes due proof to the Insurance Company that, while insured thereunder and prior to his sixtieth birthday, he has become so disabled, as a result of bodily injury or disease, as to be prevented permanently from engaging in any occupation or from performing any work for compensation or profit"; that plaintiff, who is now 58 years of age, was employed by the Carolina Power & Light Company for nineteen years, during four years of which he testifies that he "was totally and permanently disabled"; that the company discharged him on that account, and he left its employment on 31 May, 1941, and rested for twelve or thirteen weeks, during which time defendant paid him for temporary disability; that his "chest is

completely broken down" from pleurisy; that he has "to wear straps to try to work to feed an invalid wife" and "never sees a minute's ease"; that, though he testified that he is "not able as a result of bodily injury or disease, to engage in any occupation or perform any work for wage or profit," and though another witness testified that "beyond the shadow of a doubt" plaintiff "has been an invalid and not able to work," plaintiff went to Lincolnton about 8 September, 1941, and worked there two or three weeks, and made $46.00; that after working at Lincolnton, he came to Asheville and began to work at Martel Cotton Mills about 5 November, 1941, and continued to work there until the time of trial of this action in Superior Court in July, 1942; that he worked the number of hours each week "as shown on the time books of the company, and as reflected in questions propounded the witness," which, eliminating one week ending 25 April, when he did not work, and two weeks in December when he worked only five hours each week, show that during that period he worked from sixteen to sixty-one hours per week, or on an average of approximately thirty-two hours per week, and was paid thirty-seven and one-half to forty cents per hour. And the doctor, offered by plaintiff as a witness, testified that as a result of his examination of him on 26 November, 1941, he did not think that plaintiff was totally and permanently disabled so as to be unable to perform labor for wage or profit.

Upon judgment on verdict for plaintiff, defendant appealed to Supreme Court and assigns error.

*J. Scroop Styles for plaintiff, appellee.*
*Harkins, Van Winkle & Walton for defendant, appellant.*

WINBORNE, J. This is the question decisive of this appeal: Is there evidence, taken in the light most favorable to plaintiff, that plaintiff was totally and permanently disabled within the express language of the certificate or policy of insurance? A negative answer comes from recent decisions of this Court in *Thigpen v. Ins. Co.,* 204 N. C., 551, 168 S. E., 845; *Boozer v. Assurance Society,* 206 N. C., 848, 175 S. E., 175; *Hill v. Ins. Co.,* 207 N. C., 166, 176 S. E., 269; *Carter v. Ins. Co.,* 208 N. C., 665, 182 S. E., 106; *Lee v. Assurance Society,* 211 N. C., 182, 189 S. E., 626; and *Medlin v. Ins. Co.,* 220 N. C., 334, 17 S. E. (2d), 463.

Under the authority of these cases, defendant's motion for judgment as in case of nonsuit should have been sustained. Further treatment of the subject, at this time, would be unnecessarily repetitious.

In keeping with these decisions, it is sufficient to say that as plaintiff has agreed, so shall he be bound. And even though he and another say

that he is not able to work, the fact remains, as revealed in his testimony, that he worked for compensation almost continuously more than eight months, from 5 November, 1941, to July, 1942, the date of the trial of this action. Adverting to similar factual situation in the *Thigpen case, supra, Brogden, J.,* aptly said: "The law is designed to be a practical science, and it would seem manifest that a plain, everyday fact, uncontroverted and established, ought not to be overthrown by the vagaries of opinion or by scientific speculation."

The judgment below is
Reversed.