MARY B. JOHNSON v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

(Filed 15 January, 1954.)

**Insurance § 34d—**

> Where, in an action upon a certificate under a group policy to recover for disability, plaintiff testifies that after the termination of her employment covered by the group policy, she worked over a month and a half at a regular hourly wage in a class of employees not covered by the group policy, and introduces testimony of her employer's medical officer, who had examined her, that she was able to work at that time, although she was suffering from some physical ills, nonsuit is properly entered, notwithstanding the testimony of insured and her friend that she was physically disabled at the time of the termination of her employment.

APPEAL by plaintiff from *Bobbitt, J.,* September Term, 1953, of FORSYTH. Affirmed.

This was an action to recover permanent disability benefits under group insurance policy.

From judgment of involuntary nonsuit, the plaintiff appealed.

*H. H. Leake and Robert M. Bryant for plaintiff, appellant.*
*Womble, Carlyle, Martin & Sandridge for defendant, appellee.*

DEVIN, C. J. The plaintiff was an employee of R. J. Reynolds Tobacco Company and was insured under a group insurance policy issued by the defendant Assurance Society. Incorporated in the insurance policy and in the plaintiff's individual certificate thereunder disability benefits were

provided as follows: "In the event that any Employee while insured under the aforesaid policy and before attaining age 60 becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, upon receipt of due proof of such disability before the expiration of one year from the date of its commencement, the Society will, in termination of all insurance of such Employee under the policy, pay equal monthly Disability-installments, the number and amount of which shall be determined by the Table of Installments below; . . ."

It was further provided in the policy and certificate that insurance upon the life of an employee should automatically cease upon the termination of employment with the Employer in the specified classes of Employees.

It was admitted that the plaintiff's employment by the Tobacco Company in the specified classes of employees under the policy terminated 29 June, 1951. Hence before the plaintiff could recover under the above quoted clause she was required to show that she was totally and permanently disabled by injury or disease on or before that date. There was no evidence of injury.

The plaintiff was then 51 years of age and had been employed by the Reynolds Tobacco Company for several years. According to the testimony her work was to sit on a stool in front of a conveyor belt and pick out foreign substances from the leaves of tobacco on the belt.

On 29 June, 1951, the employment of plaintiff by the Tobacco Company was terminated. She and a number of others were "laid off" as she termed it. On 13 July, following, she applied to the Company for other employment of a similar nature, referred to as "seasonal work" with new tobacco. She was given pre-employment medical examination by the Tobacco Company's medical director, Dr. Bunn, and began work 23 July at a wage of 83c an hour and so continued until 12 September, when she stopped work. During that period she received as compensation for her services $235. She instituted this action 13 November, 1952.

The plaintiff was examined by several physicians whose testimony appears in the record. She was examined by Dr. Bunn, for the Tobacco Company, 14 August, 1950, and 13 July, 1951; by Dr. Allen 10 May, 1951, and September, 1953; by Dr. Welfare March, 1952; and by Dr. Bahnson, at the request of the defendant, September, 1952.

The diagnosis of Dr. Allen, 10 May, 1951, was "obesity, rheumatic arthritis, hypertension, and benign adenomatous condition of her thyroid gland of her neck." This, Dr. Allen explained, meant she was overweight, had high blood pressure, rheumatism, and goiter. No other disease was discovered. From his examination and that of the other physicians no

cancerous condition appeared. The heart, lungs and kidneys were normal. All the physicians testified they found similar conditions at the time of their examinations. Each declined to say she was disabled to work, except Dr. Welfare, who said that when he examined her in March 1952 he was of opinion she was physically unable to work "at that time."

Dr. Bunn's examination of the plaintiff in August, 1950, was made pursuant to the rule of the Tobacco Company requiring medical examination of all employees who had been treated by a private physician before returning to work. On 13 July, 1951, he gave her under the Company's rule a pre-employment examination upon her application for re-employment. As result of his medical examination on both occasions he testified she was able to work, and, according to the testimony did work for a substantial wage until she left employment with the Tobacco Company 12 September.

The plaintiff testified she was disabled by disease on 29 June, 1951, and had been for some time prior thereto, and another witness, a neighbor, testified, "As far as I know, Mary is not able to perform any work for compensation of financial value. She hasn't worked in between three and four years to my knowledge."

We have considered only the evidence offered by the plaintiff, and in the light most favorable to her. From this it appears that while the plaintiff was suffering from some of the ills that afflict humanity and has offered evidence of physical conditions which might cause pain, discomfort and serious impairment of health, the evidence fails to show that on 29 June, 1951, the day on which her employment terminated, she was totally and permanently disabled by disease from performing any work for compensation of financial value. Over against her own opinion and that of her friend, as to her inability to work, she has testified that subsequent to the date of termination of her employment and right to policy benefits she was gainfully employed for an appreciable time, and she has offered the testimony of her employer's medical officer that at that time she was able to work and to earn compensation of financial value.

We think Judge Bobbitt's ruling that the plaintiff's evidence was insufficient to justify submission of the case to the jury should be upheld. *Thigpen v. Ins. Co.,* 204 N.C. 551, 168 S.E. 845; *Boozer v. Assurance Soc.,* 206 N.C. 848, 175 S.E. 175.

Counsel for plaintiff insist that the judgment of nonsuit was improperly entered, and call our attention to *Ingram v. Assurance Soc.,* 230 N.C. 10, 51 S.E. 2d 903, as supporting the appellant's position. But we think the facts in that case, where the plaintiff was suffering from silicosis in an advanced stage, are distinguishable from the facts in the case at bar.

Judgment affirmed.