ERNEST M. TAYLOR v. BANKERS LIFE AND CASUALTY
COMPANY

No. 7226SC73

(Filed 24 May 1972)

Insurance § 44— disability insurance — inability to perform duties of occupation — insufficiency of evidence

The evidence was insufficient to support a jury finding that plaintiff's heart disease prevented him "from performing each and every duty of his occupation" within the meaning of a disability insurance policy, where it showed that after plaintiff suffered a heart attack he was given the job of tire service manager, that plaintiff suffered chest pains while at work but was not prevented from keeping tire records and answering the telephone, that the specified cause of plaintiff's discharge was his failure to keep proper inventories and violation of other company procedures, and that plaintiff was in fact performing all or substantially all of the duties of his job at the time of his discharge.

APPEAL by plaintiff from *Snepp, Judge,* at the 14 June 1971 Schedule "B" Session of MECKLENBURG Superior Court.

This civil action was instituted by plaintiff to recover benefits allegedly due under an insurance policy issued by the defendant.

The case was tried before a jury. The defendant moved for a directed verdict at the close of the plaintiff's evidence and at

the close of all the evidence. The jury returned a verdict in favor of the plaintiff. The defendant moved for judgment notwithstanding the verdict and the motion was granted.

From this judgment, plaintiff appeals.

The facts are set out in the opinion.

*Sanders, Walker & London by James E. Walker; and Edward T. Cook for plaintiff appellant.*

*Craighill, Rendleman & Clarkson by J. B. Craighill for defendant appellee.*

CAMPBELL, Judge.

The sole question presented by this appeal is whether it was error to grant defendant's motion for judgment notwithstanding the verdict.

The evidence in this case may be summarized as follows:

In June of 1967 the plaintiff was, and had been for approximately ten years, an employee of Ryder Truck Rentals. At that time he was employed as the service manager. In June 1967 the plaintiff suffered a heart attack. He was out of work for a period of several months following the heart attack. Although the record is somewhat confusing on this point, it appears that plaintiff returned to work in the Fall of 1967. He did not return to the position of service manager because that job required him to do mechanical repairs and it was felt that the job was too strenuous for plaintiff. He was instead given the newly created job of tire manager. His duties in this capacity required him to keep and file mileage records and inventories on the tires, insure that tires were sent to the recapping shop and returned, and purchase new tires. An assistant was assigned to plaintiff to lift tires and perform any physical labor required in managing the tire service. The plaintiff testified, however, that even with the assistant he sometimes had to lift tires to inspect them. He also testified that at times he was required to walk to the back lot of Ryder's facilities, a distance of approximately 150 yards.

On October 15, 1967, the plaintiff became an insured on a certificate of insurance under an income protection policy issued

by the defendant to the Ryder System, Inc. The policy provided for payment of indemnity when,

" . . . as the result of sickness, the Insured Individual is wholly and continuously disabled and prevented from performing *each* and *every* duty of his occupation . . . . " (emphasis added).

Coverage for an insured under the policy was to terminate on the date the insured's employment terminated.

After returning to work plaintiff continued to suffer chest pains associated with angina pectoris. He was placed on medication for these pains.

In March 1968, plaintiff underwent a surgical procedure to improve circulation to his heart and hopefully alleviate the chest pains he was suffering. He returned to work in June 1968. He continued to perform his duties as tire manager until 9 September 1968. On that date plaintiff's employment was terminated for cause. The specified cause for his discharge was his failure to keep proper inventories and violation of other company procedures. There was no evidence that plaintiff was unable to or was prevented by his heart condition from performing his duties. The evidence was that he did in fact perform all his duties until the date of his discharge. He thereafter sought employment as a mechanic but was unsuccessful.

Plaintiff testified that he has suffered chest pains since the date of his heart attack and that he continues to suffer such pains. He testified that he frequently experienced chest pains during his last year of employment with Ryder.

The plaintiff presented the expert testimony of two physicians, Dr. L. E. Brittain and Dr. Harry K. Daugherty. Both experts testified that in their opinion the plaintiff was wholly disabled and prevented from performing each and every duty of his occupation. On cross-examination, however, Dr. Brittain testified that he would not say that plaintiff was unable to answer the phone or maintain tire inventories and that if plaintiff was satisfactorily performing his duties it was evidence that he was able to do so. On cross-examination Dr. Daugherty testified that his opinion that plaintiff was unable to do each and every duty of his occupation was based on an understanding that plaintiff was doing heavy physical labor. He testified that plaintiff was able to answer the telephone and maintain tire records. Dr. Daugherty testified that

the fact that plaintiff was actually performing his duties spoke for itself.

The case was submitted to the jury on the following stipulated issue:

"Was the plaintiff wholly and continuously disabled and prevented from performing each and every duty of his occupation on the 9th day of September, 1968, as alleged in the Complaint?"

The jury answered this issue in favor of the plaintiff. Defendant then moved for judgment notwithstanding the verdict and the motion was allowed.

The motion for judgment notwithstanding the verdict brings into question the sufficiency of the evidence upon which the jury based its verdict.

A review of the evidence in this case reveals that the policy under which plaintiff was insured required that he be, "prevented from performing each and every duty of his occupation." His occupation at the time of his discharge was that of tire programmer or tire service manager. There was testimony that plaintiff suffered chest pains while at work and there was testimony by two physicians that in their opinion plaintiff was disabled.

There was, however, uncontroverted evidence that the plaintiff was in fact performing his duties up until the date of discharge. Furthermore, the plaintiff's experts testified that plaintiff was not prevented from keeping the records on the tires and answering the telephone.

The experts also testified on cross-examination that the fact plaintiff was performing his duties was evidence that he was able to do so. They therefore negated to an extent their testimony on direct examination. *Andrews v. Assurance Society,* 250 N.C. 476, 108 S.E. 2d 921 (1959).

The insurance policy limits recovery to those who are prevented from performing *"each* and *every* duty" of their occupation. There is no construction of the evidence in this case which would permit a jury to find that plaintiff's heart disease prevented him from performing "each and every duty" of his job. In fact the evidence leads us to the conclusion that plaintiff was performing all or substantially all of the

duties of his occupation. Recovery under the policy cannot be allowed under these facts.

There is a strong line of cases in North Carolina holding that where a plaintiff is actually working and performing his duties, he is not entitled to benefits under disability insurance and this applies even where there is expert testimony to the ·effect that plaintiff is disabled. *Boozer v. Assurance Society*, 206 N.C. 848, 175 S.E. 175 (1934) ; *Carter v. Insurance Co.*, 208 N.C. 665, 182 S.E. 106 (1935) ; *Ford v. Insurance Co.*, 222 N.C. 154, 22 S.E. 2d 235 (1942) ; *Fair v. Assurance Society*, 247 N.C. 135, 100 S.E. 2d 373 (1957).

> "[I]t would seem manifest that a plain, everyday fact, uncontroverted and established, ought not to be overthrown by the vagarties of opinion or by scientific speculation." *Thigpen v. Insurance Co.*, 204 N.C. 551, 168 S.E. 845 (1933).

The above cited decisions are controlling in the case at bar.

The trial court was correct in granting defendant's motion for judgment notwithstanding the verdict.

Affirmed.

Judges BRITT and GRAHAM concur.